The opinion of the Court was afterwards drawn up by
Parker C. J.
It appears by the answer, that at the time of the service of the. writ there was a small balance of accounts due from the respondent to the debtor, and that at the same time the respondent was liable to the Taunton bank for the debtor to a much larger amount, on a negotiable note indorsed by him at the request and for the benefit of the debtor. It further appears, that before the answer, the debtor had failed, and that the respondent had been called upon, and being legally obliged to pay, had paid the amount of the note, and had no indemnity or security therefor.
Under these circumstances we think he cannot be held as. trustee ; for it would be against justice, that he should be held to pay a creditor of his debtor the only money by which he can partially indemnify himself. This question has not before arisen, but we think it quite consistent with the object and views of the legislature, and with the general tenor of the statute, that if before final answer the debtor becomes indebted to the respondent on any contract entered into before the service of the writ, the latter shall have a right of set-off, and be chargeable only with the final balance, if one should be due.[1]
*173 The principles sanctioned by the Court in the case of Hathaway v. Russell, 16 Mass. R. 479, warrant the above conclusion.
This decision will not reach the case of a liability incurred after the service of a writ, or where the effect of such liability may be avoided by reasonable diligence on the part of the person liable, to procure the payment of the debt by the principal; nor where it is contingent, whether the liability will ever be enforced or not; but we confine it to such a case as we have before us, in which there was an actual liability before the service of the writ, and an actual payment by necessity before the answer.
The respondent in a trustee process ought not to be placed in a worse situation than he would be in if the principal had sued him for the debt; and if the principal had sued him, although he could not file a claim in set-off after entry of the action against him, yet if at any time before judgment the plaintiff in the suit had become indebted to him for money paid, on a liability incurred before the suit, upon showing this matter to the court and that the plaintiff had failed, and was unable to pay, he would obtain a continuance that he might bring a cross action, so as to have a set-off of judgments or executions, unless there should be special causes for refusing this relief. Hathaway v. Russell, 16 Mass. R. 473.

 See Lamb v. Stone, 11 Pick. 533