## John Smith *versus* George L. Stearns.

If one summoned as trustee states in his answers, that at the time of the service of the trustee process, he was indebted to the defendant, but that he has since recovered a judgment against the defendant and set off the debt due from himself in satisfaction of it, the judgment is *not in itself* conclusive against the plaintiff, but he may interrogate the trustee in respect to the circumstances under which it was recovered ; but taken in connexion with the answers it may be conclusive ; as if it appears by the answers, that it was recovered without fraud, and upon a demand existing before the service of the trustee process.

In such a case the trustee has a right to apply the amount due from himself in satisfaction of the taxed costs of his judgment, as incident to the debt, although accruing after he was summoned as trustee, provided they were not unnecessarily incurred.

This was a *scire facias* against the defendant as the supposed trustee of John Smith junior. The parties agreed upon the following facts.

In June 1833, the plaintiff instituted a suit against his son, John Smith junior, and the defendant as his trustee ; and at the January term 1835, of the Common Pleas, he recovered judgment against his son for $2878. Stearns was at the same time charged on his answers, as trustee.

It is the practice of the Common Pleas, where a trustee

discloses any effects in his hands, to charge him *generally* as trustee, without fixing the *amount* in which he is to respond.

In March 1835, execution was issued on the judgment, and Stearns paid upon it $4·19, and refused to pay over any further sum.

On the 17th of September, 1833, Stearns commenced an action against Smith junior, on a promissory note given to Stearns before he was summoned as trustee. The action was tried on its merits in this Court, at November term 1834, when a verdict was found in favor of Stearns for $583·40, and judgment was rendered thereon, and for costs taxed at $79·54. Execution was issued on this judgment, and was in no part satisfied except by Stearns's retaining in his hands the amount thereof out of the sum due from himself to Smith junior. The sum of $4·19, paid over on the plaintiff's execution, was the balance in the hands of Stearns after deducting the amount of his judgment.

The trustee's answers and the records and others papers in the suit referred to, were made a part of the case.

If the Court should be of opinion that the judgment in favor of Stearns was conclusive on the plaintiff and that its merits could not be inquired into in this suit, the plaintiff was to become nonsuit.

*Cooke*, for the plaintiff, cited to the point, that the judgment recovered by Stearns was not conclusive upon the plaintiff, *Maybee* v. *Avery*, 18 Johns. R. 353 ; *Tabor* v. *Perrot*, 2 Gallison, 565 ; *Chapmans* v. *Chapman*, 1 Munf. 398 ; *Carmack* v. *Commonwealth*, 5 Binney, 184 ; *Parker* v. *Standish*, 3 Pick. 288 ; *Burgess* v. *Lane*, 3 Greenleaf, 168 ; and to the point, that Stearns was not entitled to retain the sum of $79·54, the costs in his action against Smith junior, *Thomas* v. *Goodwin*, 12 Mass. R. 142 ; *Adams* v. *Cordis*, 8 Pick. 260. *March 7th.*

*Parsons* and *Stearns*, for the defendant.

SHAW C. J. delivered the opinion of the Court. The question whether one be trustee or not, whether it arise in the original suit, or on the *scire facias*, and the amount for which he is so liable, must, as a general rule, be decided by the facts disclosed in the trustee's answer. There is an exception by statute, where a third person claims the debt, by assignment ; *March 13th.*

and some further exceptions have been made by the Revised Statutes, since this case was reserved, and which do not affect this question. Revised Stat. *c.* 109, § 15, 16. The case therefore now must be decided by the answers of the defendant, taken in connexion with such facts and documents, as he discloses and makes part of his answer. The question formally raised by the agreement of these parties, is, whether the judgment in the suit of the defendant in this *scire facias* against John Smith junior, the principal defendant, is conclusive upon the plaintiff. We are of opinion that this judgment, standing alone and unsupported by the answers, is not conclusive upon the plaintiff. It may be that the judgment passed for the trustee, upon demands which the trustee acquired after the service of the trustee process by the plaintiff, and such a judgment could not be set off against the plaintiff's claim upon the fund. But it does not follow, that because this judgment is not conclusive upon the plaintiff, the cause in which it was rendered is therefore to be tried over again, in form or substance. The plaintiff's claim must be decided by the trustee's answers. Here the judgment is to be taken in connexion with those answers. Then it appears that at the time of the service of the plaintiff's writ, the trustee was indebted in certain sums to the principal, and that the principal was indebted in certain sums, being independent demands, to him.

It is clearly held as the construction of the trustee process, that where one is chargeable in consequence of being the debtor of the principal, the question will be, whether he holds any balance upon a liquidation of all demands. In striking such balance he has a right to set off, from the debt which he acknowledges he owes the principal, any demand, which he might set off in any of the modes, allowed either by statute or common law, or in any course of proceeding. *Hathaway* v. *Russell*, 16 Mass. R. 473; *Boston Type &c. Foundery Co.* v. *Mortimer & Tr.* 7 Pick. 166. The principle of the rule is well stated in the case last cited. The trustee ought not to be placed in a worse situation than he would be in, if the principal had sued him for the debt.

In this case, had the principal sued the defendant, he would have had a right to commence his suit against the principal, and

the cross judgments would have been set off against each other, by statute.

Smith
v.
Stearns

It has been argued that the trustee's liability must depend upon the state of facts, as it existed when the trustee process was served. This is not strictly correct. Some liability must exist at that time, in order to charge him, but that liability may be greatly modified and even discharged, by subsequent events. Suppose one indebted to the principal, is summoned as trustee, but he has various liens upon the fund, as for instance, to indemnify himself against suretiships and liabilities for the principal. These liabilities may all be discharged and thus leave the fund subject to the attachment ; or they may be enforced in whole or in part, and then the trustee will have a clear right to deduct from the fund the amount paid by him, in pursuance of liabilities which existed at the time of the service, and thus the fund may be diminished, or even wholly absorbed. A factor may have a large amount of goods of his principal, on which, however, he has a lien for his general balance. He may have received of his principal bills of exchange, which have gone forward, but of which the acceptance is uncertain. In this state he is summoned. He will not be chargeable for funds acquired after the service ; but he may receive funds after the service, which will discharge and reverse the balance, and leave the fund liable to the trustee process ; whereas but for such acquisition of funds afterwards, the fund attached would be first liable to the factor's balance, which might thus absorb it. There are various modes therefore, in which the question, whether trustee or not and for what amount, may be affected and decided by events occurring after the service of the process.

In the application of these principles to the case before us, we think that the trustee had a right to set off against the debt due by him to Smith junior, the judgment which he had recovered against Smith junior on demands shown by the answers to have existed prior to the service of the trustee process. The judgment thus obtained, did not create, but only ascertained and liquidated the debt. The judgment was not conclusive, because it was competent for the plaintiff to show, if he could, by the answers of the trustee, that the judgment set forth in his

Smith
v.
Stearns.

answers, was collusive or fraudulent or obtained on demands acquired subsequently to the attachment, and he had a right to put interrogatories to the trustee, with a view to such answers. But if not collusive or fraudulent, the trustee had a right to set it off against the demands which he acknowledged that the principal had against him, and for this purpose to disclose it in his answers, and insist upon it in his defence. This follows from the principle above stated, because he would have had a right so to set it off, in any suit of the principal against him.

The only doubt which we have had in the case was, whether the trustee had a right to set off the costs of his judgment, because these accrued after he was summoned as trustee. But on consideration we think the costs must be deducted as incident to the debt. The trustee had demands against the principal, at the time he was summoned; but they were denied and contested. As against the principal he had a right to sue and have those claims settled by a judgment, and he had by law a right to have this done at the expense of the debtor, so far as the legal and taxable costs were concerned, in case he should be the prevailing party. We think he had the same right as against the attaching creditor, provided always the suit was commenced and conducted in good faith, and without unnecessary delay or expense.

It was said, that the action was unnecessary to protect the trustee in this suit, and of course the costs of it were unnecessarily incurred, because the question, whether trustee or not, must be decided by the trustee's own answers, and that he might have disclosed all the facts and had the benefit of them, without the aid of a judgment. But this does not appear. One's rights often depend upon facts not in his own knowledge, and as he cannot avail himself of the testimony of others directly, in the trustee process, to obtain his discharge, by establishing his own counter claim, his only remedy is, to bring an action and obtain a judgment. In all cases, where his own rights depend upon establishing fraud in another, as that fraud depends mainly upon the intent of third persons, it cannot be known as a fact to the trustee, to be explicitly disclosed, but can, in general, be inferred only from circumstances, by a jury.

There being nothing to show that the suit was not brought in

good faith nor that the costs were incurred unnecessarily, the Court are of opinion, that the costs are to be considered as a component part of the judgment, as one of its incidents. As the judgment, in connexion with the answers, shows the existence of demands by the trustee against the principal, at the time he was summoned, which by the principles applicable to the trustee process, he had a right to set off, he was responsible only for the balance, which it is agreed he has paid over, on the plaintiff's execution.

*Judgment for the defendant*