MILTON WHITNEY *vs.* LIBERTY DINSMORE.

An action on the covenant against incumbrances in a deed of land cannot be maintained by an assignee of the grantee.

If land subject to a mortgage is conveyed with a covenant of general warranty, and the equity of redemption is then under an attachment as the property of the grantor, and is afterwards sold on the execution, such sale is equivalent to an eviction, and entitles the grantee to maintain an action on the covenant, although he becomes himself the purchaser of the equity of redemption.

THIS was an action of covenant, on the covenants against incumbrances and of general warranty, contained in a deed of land from the defendant to Jonathan Barnard.

The defendant, on the 10th of October, 1846, being then seized in fee of the estate alluded to, conveyed the same by deed to Jonathan Barnard, in fee, with covenants, that the premises were free from all incumbrances, excepting a certain

mortgage described in the deed; that the defendant was law-fully seized in fee of the premises, and had good right to sell and convey the same to the grantee; and that he would war-rant and defend the same to the grantee, his heirs, and assigns from and against the lawful claims of all persons. Barnard, the grantee, on the 17th of October, 1846, being then in actual possession under the deed to him, conveyed the premises to the plaintiff by a deed containing similar covenants.

At the time of the conveyance from the defendant to Bar-nard, the right to redeem the estate from the mortgage was under attachment, in a suit against the defendant, on which judgment was afterwards recovered in this court, at the Octo-ber term, 1847. Execution was regularly issued on the judg-ment, and the equity of redemption was seized and sold thereon, by public auction, on the 25th of March, 1843. The plaintiff became the purchaser, and on payment of the sum bid by him received a good and sufficient deed of the equity of re-demption.

The case was submitted to the court upon the foregoing statement of facts.

*N. Wood*, for the plaintiff.

*G. F. Hoar*, for the defendant. 1. The covenant against incumbrances, being broken as soon as it was made, did not run with the land, and no action can be maintained on it by an assignee. *Clark* v. *Swift*, 3 Met. 390; *Heath* v. *Whidden*, 11 Shep. 383; *Thayer* v. *Clemence*, 22 Pick. 490, 493. These cases overrule the intimation in *Sprague* v. *Baker*, 17 Mass. 586, 589.

2. The covenant to warrant and defend has not been broken, there having been no eviction, and nothing tantamount thereto. This covenant is merely that the grantee shall not be disturbed in his possession by a title paramount to that conveyed to him. It goes to the possession merely, not at all to the title. It is in effect a covenant for quiet enjoyment only. There may exist, consistently with this engagement, any number of in-cumbrances, or of paramount titles, if the grantee is not thereby molested in his possession. 4 Kent, 471, 472; *Greenby* v. *Wil-cocks*, 2 Johns. 1; *Waldron* v. *McCarthy*, 3 Johns. 471; *Kortz* v

11 *

*Carpenter*, 5 Johns. 120; *Kent* v. *Welch*, 7 Johns. 258; *Vander-karr* v. *Vanderkarr*, 11 Johns. 122; 4 Cruise, (Greenl. Ed.) 378, note; *Day* v. *Chism*, 10 Wheat. 449; *Emerson* v. *Minot*, 1 Mass. 464; *Marston* v. *Hobbs*, 2 Mass. 433, 438; 2 Wms. Saund. 181 *a*, note (10); *Hall* v. *Dean*, 13 Johns. 105; *Kerr* v. *Shaw*, 13 Johns. 236.

Originally, this covenant was strictly a covenant real, the remedy for the breach of which was by writ of *warrantia chartæ* upon which the grantee evicted got other lands of like value so that of course there must have been actual expulsion from the land to give the grantee a remedy. But of late its construction has been relaxed, and it has been held tantamount to a covenant for quiet enjoyment. *Kerr* v. *Shaw*, *Mitchell* v. *Warner*, 5 Conn. 497, 521. And it has been held that a covenantee is not bound to wait for a legal or forcible process of expulsion, but, when possession is claimed under a paramount title, may yield peaceably to such better title, or purchase it in, and still recover on his warranty. *Hamilton* v. *Cutts*, 4 Mass. 349; *Sprague* v. *Baker*, 17 Mass. 586; *White* v. *Whitney*, 3 Met. 81.

But in all these cases there have been an existing paramount title, a party claiming under it having a right to immediate possession of the land, and such a direct instant offer to take possession, as left no room for the covenantor to interpose and perform his engagement of protecting the grantee in his possession.

Now, in the case at bar, none of these requisites are found. 1. There was no existing paramount title. The attachment and seizure on execution created only a lien, giving no right of entry to the creditor or officer. Such a right of entry would only be acquired by a purchaser at the sale, and by him not from the sale itself, " but by deed recorded within three months." Rev. Sts. *c.* 73, § 38; *Macy* v. *Raymond*, 9 Pick. 285. It is not necessarily to be presumed, that the right in equity would have been purchased at all, if the plaintiff had not bid it in; or the defendant might have purchased it, and so kept his covenant, if the plaintiff had not interfered.

2. There was, at the time of the plaintiff's purchase, no per-

son in existence, having a right to immediate possession of the land under a paramount title. The sale at auction and officer's deed would not have conferred seizin on the purchaser. The statute has carefully distinguished between the proceeding upon a levy, where the officer confers seizin upon the creditor, Rev. Sts. *c.* 73, § 15; and the sale of an equity, which merely passes the title, § 38. This is like an *elegit* which merely transferred to the creditor such interest as the debtor had in the land, but did not confer seizin. 2 Cruise, 55; 3 Bl. Com. 419, Chitty's note; Com. Dig. (Day's Ed.) Execution C, 14, note *f*; *Taylor* v. *Cole*, 3 T. R. 292; *Langdon* v. *Potter*, 3 Mass. 215; *Wyman* v. *Brigden*, 4 Mass. 150. And in *Gore* v. *Brazier*, 3 Mass. 523, 537, Parsons, C. J., said that in the case of an *elegit*, the argument against holding the covenantor liable, after the execution of the process without actual entry, would have great weight.

3. There was no direct, instant offer to take possession. If a purchaser, other than the plaintiff, had been found, and if the defendant had not extinguished the incumbrance, neither of which can be presumed, it would have been but a transfer of the incumbrance from one third party to another, not amounting, without some farther act, to a disturbance of the plaintiff in his possession.

The view above stated is the only one consistent with the well-settled doctrine, that this covenant goes, not to the title, but to the possession only.

As to the argument, that the plaintiff represents the paramount title, and may be considered as having entered by virtue of that and disseized himself holding under the other; the answer to that argument is, that if he has occasioned a breach of the covenant by his own act, he cannot take advantage of it.

WILDE, J. This is an action of covenant broken, on the covenant against incumbrances, and the covenant of warranty, contained in a deed of conveyance of land to one Jonathan Barnard by the defendant, which was afterwards conveyed to the plaintiff.

As to the covenant against incumbrances; it is clear, that this action cannot be maintained thereon. If there has been

any breach of that covenant, it was broken immediately on the delivery of the deed, and so became a chose in action, which by law was not assignable.

But the covenant of warranty was prospective, and was not broken before the conveyance to the plaintiff; it therefore passed with the land to the plaintiff; and the question is, whether there has since been any breach of that covenant. To prove a breach, it must appear, that the plaintiff has been lawfully evicted or ousted, or has been so disturbed in his title and possession, by a party having a paramount title, as would be equivalent to an actual eviction or ouster. And we are of opinion, that by the facts agreed it does appear, that the plaintiff has been so disturbed, as in principle is equivalent to an actual ouster.

We think this case cannot be distinguished from the cases of *Hamilton* v. *Cutts,* 4 Mass. 349; *Sprague* v. *Baker,* 17 Mass. 586; and *White* v. *Whitney,* 3 Met. 81, 89. In these cases, it was held, that where a party having a paramount title threatened to enter and expel the covenantee, and the covenantee yielded to the claim, against which he could not defend himself, it was a breach of the covenant of warranty. " There is no necessity for him," as Parsons, C. J., remarks, in *Hamilton* v. *Cutts,* " to involve himself in a lawsuit to defend himself against a title, which he is satisfied must ultimately prevail."

And this case we think depends on a similar principle. The premises were offered for sale at public auction, and if the plaintiff had not become a purchaser, he had a right to presume that he should be dispossessed by the purchaser, and he was justified in acting upon that presumption; and the defendant could not be thereby injured, for undoubtedly if the plaintiff had not become a purchaser, he would have been evicted, if he had refused to yield possession ; and in such case the defendant would be responsible for the costs of suit, in the action against the plaintiff, as well as for the value of the land, if duly notified of the pendency of the action.

Several cases have been cited, which have been decided in New York, in which a different doctrine has been held, unless there is a distinction between a covenant for quiet possession,

and the covenant of warranty, which there was held to be in *Hall* v. *Dean*, 13 Johns. 105. But however this may be, we consider the law well settled in this commonwealth, and we see no reason for adopting the doctrine laid down in the cases cited from the New York reports. The question is, whether in all cases, a party must wait until he is actually evicted or ousted, before he can have the benefit of the covenant of warranty. We hold that there may be other acts of the party having a paramount title, which may be equivalent to an eviction. In the case of *Duvall* v. *Craig*, 2 Wheat. 45, it was held, that if a grantee is unable to obtain possession, in consequence of an existing possession or seizin by a person claiming or holding under an elder title, it is equivalent to an eviction. And so we think, if the grantee is in possession, and a claim is made on him, by a party having a title against which he is unable to defend himself, he may yield to a dispossession, or purchase in the paramount title ; and the present case, we are of opinion, depends on a similar principle.*

*Judgment for the plaintiff.*

---

* See acc. *Loomis* v. *Bedel.* 11 N. H. 74.