### JOHN DOYLE *vs.* ROBERT GRAY & trustees.

A sum due from an employer to a contractor who has broken his contract cannot be attached on trustee process in a suit against the contractor, if the amount of damage to the employer from the breach of the contract exceeds such sum.

A written agreement between a contractor and his employers provided that if the contractor should fail to pay his workmen, the employers might pay them out of the contract money. *Held*, that if the contractor failed to pay his workmen, the employers, notwithstanding they were summoned as trustees in a suit against the contractor, had a right to apply the contract money to pay the workmen for labor which had been performed before the service of the writ.

TRUSTEE PROCESS. R. P. Cooke, C. Jones and E. Plunket, doing business under the firm name of R. P. Cooke & Company, summoned as trustees, denied that they had any goods, effects or credits of the defendant in their hands. The plaintiff filed interrogatories to the trustees, which they answered. From their answers it appeared that they had employed the defendant to grade

a part of the Boston, Barre and Gardner Railroad, and that he had broken and abandoned the contract. The other facts are stated in the opinion.

In the Superior Court the trustees were charged on their answers, and appealed.

*M. J. McCafferty*, for the plaintiff.

*F. T. Blackmer*, for the trustees.

MORTON, J. The answers of the alleged trustees disclose that Gray, the principal defendant, worked for them from the middle of May to the middle of July 1870, under a written contract, of which a copy is annexed; and that about the middle of July, Gray, without any cause, refused to complete and abandoned the contract.

The contract provides that eighty-five per cent. of the engineer's estimate of the amount of work done by Gray should be paid monthly, and the balance when the whole work was completed according to the contract and accepted. The eighty-five per cent. of the amount earned by Gray in May was paid to him before the service of the writ in this case. The eighty-five per cent. earned in June had not been paid at the time of the service of the writ. But the alleged trustees, after the service, paid to the workmen employed by Gray $1121.42, claiming the right to do so under the contract. This left in their hands a small balance of the eighty-five per cent. of the amount earned in June. The alleged trustees also state in their answers, that they have paid Gray the full value of all the work he did under the contract, and that the damage to them on account of the breach of the contract by Gray is greater than the whole amount retained in their hands.

These statements in the answers must, for the purposes of this case, be deemed to be true. Gen. Sts. c. 142, § 11.

Upon these answers the alleged trustees are not chargeable for the amounts retained in their hands, which would have been due to Gray for work done in May, June and July, if he had performed the contract. They state that the damages to them by reason of Gray's failure to fulfil his contract are greater than all the amounts retained by them. If he had brought a suit against them, they would have the right to recoup these damages and he

could recover nothing. The creditor of Gray has no greater right than he has, and cannot enlarge the liability of the alleged trustees. As they owe no debt which the defendant can enforce, they cannot be charged as his trustees.

The remaining question is whether the alleged trustees are chargeable for the amount they paid to the laborers employed by Gray, after the service of the writ upon them. The contract provides that said Gray " shall pay the laborers in his employ monthly; in case he shall fail to do so, the said R. P. Cooke & Company shall have full right and authority, if in the opinion of the said engineer it shall be expedient to do so, to retain in their hands for the payments of the workmen employed by said contractor such an amount of such estimate as the engineer may deem proper for that purpose, and the said R. P. Cooke & Company may likewise adopt such measures for the disbursement of said money as they may consider the most judicious for the interest of all parties concerned." The answers state that the payments in question were made " to the laborers for Robert Gray after the service of said writ, for work done before the service of said writ, as we claim we had a right to do by the terms of said contract, the engineer deeming it expedient so to do."

It is obvious that the purpose of this provision was, to enable R. P. Cooke & Company to appropriate the money which would become due to Gray to the payment of the laborers employed by him, so as to guard against any interruption of the work by reason of Gray's neglect to pay them. It does not confer upon them a mere naked authority which could be revoked by Gray or annulled by his creditors. It creates a power coupled with an interest. It may be true that there was no privity of contract between R. P. Cooke & Company and the laborers; but the privilege of applying the money earned by Gray to the payment of the laborers was a valuable right secured to them by the contract. This stipulation as to the mode of payment was as binding upon Gray as other parts of the contract, and could not be revoked by him. If he had brought a suit for this money, it would be a good defence for R. P. Cooke & Company to show that they had paid the amount to the laborers according to the terms of the contract. A creditor

of Gray cannot, by the trustee process, enlarge the liability or defeat the rights of the alleged trustees under their contract.

We are therefore of opinion that the alleged trustees, having in good faith paid the amount in question, in the mode provided by the contract, are not chargeable therefor in this suit.   *Mason* v. *Ambler*, 6 Allen, 124.                    *Trustees discharged.*