## CHAPIN ET AL. *v.* JACKSON.

PRACTICE.—*Reasons for New Trial.*—That the complaint is not sufficient, or that no sufficient notice had been given of the pendency of the action, is not a reason for a new trial.

GARNISHEE.—Where one served as garnishee shows that he, in good faith, purchased the property and effects of the debtor, and agreed therefor to pay certain debts of debtor, and apply the residue, if any, on a debt due to himself from the debtor, and that the proceeds of the property will not be sufficient to pay the debts assumed and his own, the plaintiff cannot recover of the garnishee.

From the Madison Common Pleas.

*M. S. Robinson* and *J. W. Lovett,* for appellants.

*W. R. Pierse* and *H. D. Thompson,* for appellee.

OSBORN, J.—The appellee sued the appellant Chapin upon a breach of covenant in a deed of conveyance. He filed an affidavit and undertaking for an order of attachment against Chapin's property. He also filed an affidavit that he had good reason to believe that the appellant Stanford had property, money, and choses in action of Chapin's in his possession and under his control, and that, as the agent of Chapin, he had in his possession and under his control a large amount of personal property, money, and choses in action, the property of Chapin. A summons was issued to Stanford and served upon him by the sheriff. He appeared to it and filed an answer, and an issue of fact was formed upon the affidavit against him. Notice to Chapin by the usual publication was given, and a default taken against him.

The issues were tried by the court, resulting in a finding for the appellee, that Chapin was indebted to him in the sum of nine hundred and ninety dollars, and that Stanford was indebted to Chapin in the same sum. After that finding, the appellants filed separate motions for a new trial, which were overruled, and judgment was rendered against the appellant Stanford on the finding. Chapin included in his motion a prayer to set aside the default, which was also overruled. Proper exceptions were taken to overruling the motions. Chapin did not file any affidavit, or offer to pay

any costs, or to plead to the action, as a ground for the motion to set aside the default. There was nothing in his motion showing any ground for the latter motion except the reasons stated for a new trial and that notice of the pendency of the action had not been given to him.

The reasons for a new trial are the same in both motions. Two of those reasons are, that the finding is contrary to law, and not sustained by sufficient evidence. The others are either included in those or are not valid reasons for a new trial. That the complaint is not sufficient, or that no sufficient notice had been given of the pendency of the action, are not reasons for a new trial. If the latter had been sufficient to set aside the default, it is answered by the record, which shows that such notice had been given.

The appellants assign separate errors; Chapin, that the court erred in overruling the motion to set aside the default and the finding and judgment in favor of the appellee; and Stanford, that the court erred in overruling his motion for a new trial.

As to Chapin's motion for a new trial, we think the evidence is sufficient to sustain the finding against him. It shows the execution of the deed set out in the complaint, a copy of which was filed, and that the land described in it was in the possession of one Owsley, under a paramount title. The amount found was less than the consideration specified in the deed, but it was for the true amount under the evidence.

The evidence as set out in the bill of exceptions does not sustain the finding against Stanford. It shows that Chapin was indebted to Stanford in a considerable amount, and that Stanford was liable to others for other sums, as surety for Chapin; that Chapin was indebted to others, for which Stanford was not his surety; that he and one Jesse Jackson owned property as partners, and as such were indebted; that Chapin was about to leave on account of fear that he might be taken to another state on some charge against him there; that Stanford was anxious to secure himself on account of

Chapin *et al. v.* Jackson.

his suretyship, and to get his pay for the claim against Chapin. Accordingly, for that purpose, an arrangement was entered into by which Jackson sold his interest to Chapin, and Chapin to Stanford, the latter assuming certain of Chapin's debts, including those for which he was surety, and for which Jackson was liable as partner.. He did not take the property to sell as agent and apply the proceeds to the payment of debts, but he purchased it and assumed the payment of the debts. He sold the property and paid off the debts, which he assumed to pay. What was left was far less than his debt against Chapin. The whole transaction seems to have been in good faith. There is no evidence of any intention to cheat, hinder, or delay any creditor of Chapin in the collection of a debt against him. There was evidence tending to show that the appellant said that he was selling the property to pay Chapin's debts. That was not inconsistent with his purchase of the property, on the terms stated. He did not deny the sale for that purpose. On the contrary, he testified that the proceeds of the sale were applied to such payment. and sometimes some of the property was sold to the creditor in satisfaction of his claims. He had assumed to pay and was doing it as fast as possible. He made the purchase and agreement to pay debts with the purpose of collecting and saving a portion of his claim against Chapin. His motion for a new trial ought to have been sustained.

The judgment against said Stanford is reversed, with costs. The cause is remanded, with instructions to the court below to grant to him a new trial, and for further proceedings not inconsistent with this opinion.