THOMAS F. NUTTER *vs.* FRAMINGHAM AND LOWELL RAILROAD COMPANY & trustee.

Suffolk.   Nov. 11. — March 30, 1882.   MORTON, C. J., W. ALLEN & C. ALLEN, JJ., absent.

In a trustee process, the trustee may set off, against the debt due the principal defendant, the amount of a non-negotiable chose in action against the latter, assigned by the trustee, before the service upon him, to a third person, who executes an instrument to the trustee, by which the assignee agrees to hold the claim for the joint benefit of the two parties, and not to dispose of the claim without the consent of the trustee, and that "any and all benefits and emoluments and advantages at any time directly or indirectly derived from said claim" shall enure to the joint benefit of the two parties.

DEVENS, J.   This is a trustee process.   It appears by the answer of the trustee, the Boston, Clinton, Fitchburg and New Bedford Railroad Company, that it owes the principal defendant the sum of $17,500, as rental of the defendant's railroad leased by it.   Prior to the time of the service of the writ in this proceeding, the principal defendant, on various claims, owed the trustee a much larger sum.   On January 31, 1879, the trustee made a lease of all its property, real and personal, to the Old Colony Railroad Company, for nine hundred and ninety nine years, including all claims against the principal defendant.

The lessee took possession of this property. On the next day, an instrument was executed by the Old Colony Railroad Company to the trustee, evidently as a part of the same transaction, by which the Old Colony Railroad Company, acknowledging that the trustee had sold and assigned to said Old Colony Railroad Company all its claims against the principal defendant, agreed to hold the claims for the joint benefit of the two parties to the lease, in order to protect the interest of both parties and to sustain the lease. It further agreed that it would not dispose of the claims without the consent of the trustee, and that "any and all benefits and emoluments and advantages at any time directly or indirectly derived from said claims" shall inure to the joint use and benefit of the parties to said lease.

It is contended by the trustee, that it may set off these assigned claims, or so much thereof as may be necessary, originally due from the principal defendant to it, against the rental it now owes to that company. The plaintiff contends that the trustee has parted with its entire property in these claims, retaining only the right to make the Old Colony Railroad Company account for them if collected; that the Old Colony Railroad Company might sue the entire claim in the name of the trustee, or use it in set-off against the principal defendant; and that the trustee can in no way decrease the amount or diminish the validity of the claim as an entirety, or receive any benefit therefrom, except through the Old Colony Railroad Company.

Assuming that the result of the lease and the declaration of the Old Colony Railroad Company was to assign the claims against the principal defendant, so that the Old Colony Railroad Company became entitled to hold the same both for the benefit of the trustee and itself, and so to use and manage them, yet, as they were non-negotiable choses in action, the purely legal title was always in the trustee. The rules which pertain to non-negotiable choses in action are intended for the security alike of those who are liable upon them and those to whom they may be equitably assigned. Action must be brought in the name of the party to whom the debt was originally due, in order that the party liable may avail himself of any defence which he may have against the assignor arising before notice to him of the assignment, as until then he is entitled to treat him as the only

creditor to whom he is responsible. On the other hand, the assignor cannot refuse to the assignee the privilege of bringing an action in his name, in order that the assignee may avail himself of the equitable assignment. Where the only effect of the equitable assignment is to transfer to the assignee a debt, which, when collected, is to be used for the benefit of the assignor as well as the assignee, upon terms agreed upon between themselves, for the purpose of carrying out a transaction in which they have engaged together, and where no notice thereof has been given to the debtor, the fact that he has ascertained that such equitable assignment exists should not absolve him from paying his debt to the assignor, or enable him to collect a debt due from the assignor to him without, on his part, paying the debt due from him or being subjected to any set-off thereby.

In the present case, the Old Colony Railroad Company had not the entire equitable ownership of these claims, although it could use and manage them for the benefit of both parties to the lease. It could not, its agreement provided, dispose of them without the consent of the trustee, nor could it appropriate them to its own use, nor avail itself of them, except for the joint benefit and emolument of both parties. The details of the lease are not before us, but as it conveyed the whole property of the trustee, it must have been contemplated by the parties that the claims of the trustee would be used to meet the claim of the principal defendant upon it for rent. They could be used in no other way so effectually in protecting the property of which the assignee had a lease amounting to a grant. Until the assignee by some notice intervenes to the contrary, the exact relations which he sustains to the assignor are not important to the defendant. When it is seen that the set-off of these claims of the assignor sustains the lease, by relieving the property from the rent charged upon it when the assignee hired it, the assignee must be deemed to consent to the use of them according to their legal form. If, by having transferred an equitable interest in a part of these claims, and consenting that the assignee should manage them, the assignor still retaining the legal title, it is to lose the opportunity of using the equitable interest that remains to it to meet the claim of the defendant, much injustice would be done to it.

For the protection of a trustee, it has always been held that whatever he might retain or set off in any lawful mode of ad-. justment between himself and his principal, without regard to technical forms, may properly be retained by him, and he will be adjudged trustee only for what remains. *Hathaway* v. *Russell*, 16 Mass. 473. Gen. Sts. *c.* 142, § 26. It is the balance only, after all just and equitable allowances, for which he is to be charged. In *Allen* v. *Hall*, 5 Met. 263, 266, it is said by Chief Justice Shaw, speaking of the trustee : " He shall therefore have the benefit of a set-off, legal or equitable, in his own right, or in the right of those with whom he is privy, and in whose favor the debt claimed to be due from the trustee could, in his hands, be made available, by way of set-off in any of the modes provided by law." Compelled as he may be by this process to pay his debt, not to his own creditor, but to a third person, the trustee will not be placed in any worse position than he would be in, if pursued by his original creditor. *Doyle* v. *Gray*, 110 Mass. 206. " Whenever you seek," says Mr. Justice Dewey, in *Green* v. *Nelson*, 12 Met. 567, " to charge a party as trustee, by reason of credits, and not as the holder of specific articles of personal property, you open to him a broad equity; and the balance only, after all equitable allowances, is the sum for which he is to be charged as trustee."

The plaintiff contends that, even if the demand is treated as due jointly to the trustee and the Old Colony Railroad Company, it is not possible to separate the part which each is entitled to receive, so as to offset the debt due to him ; and that the ownership of a chose in action cannot be so divided that each owner may file his undivided share in set-off. Conceding this to be so in actions at common law, the rules of set-off as there applied are not necessarily to govern the rights of the trustee here. Many demands which may constitute an equitable set-off cannot be there allowed. In *Hathaway* v. *Russell*, *ubi supra*, it was decided that, where joint contractors are summoned as trustees, they may set off their separate debts against the defendant. As each may pay the joint debt, holding the other joint debtors responsible to him, so he may pay such joint debt by his separate debt as well as by cash. Also, that where some only of the joint contractors are summoned, and they do not seek to abate

the writ on that account, they may set off against the joint debt separate debts due the contractors not sued, if such contractors consent.    See also to same point *Manufacturers' Bank* v. *Osgood*, 12 Maine, 117 ; *Brown* v. *Warren*, 43 N. H. 430.

Nor can the case be distinguished upon the ground that those there seeking to set off were joint debtors, bound and thus entitled each of them to pay the debt, while here one of the two joint creditors seeks to set off the debt due jointly to himself and another, or at least his portion of it.

In *Hathaway* v. *Russell*, *ubi supra*, in determining what separate demands might be set off, it appeared that both those summoned and the joint contractor not summoned, of whose demands those summoned sought to avail themselves, had demands held by them jointly with other persons against the defendant, and arising out of distinct transactions.    It was held that, with the leave of those who were jointly entitled thereto, these demands might be used to their full extent, those using them thus making themselves responsible to their co-promisees for their aliquot shares, and that, without such leave, they might be used to the extent of the interest which those summoned had in them.    It was fully recognized that no action at law could have been brought for these proportional shares, that it would be difficult sometimes to determine them, but it was held to be an injustice to the trustee to oblige him to pay to a stranger a sum owing by him to the defendant, when the same party was indebted to him in another sum, even if the latter sum was owed to him jointly with another.

The only party who could object to the setting off this claim, to the benefit of which the trustee and the Old Colony Railroad Company are equitably entitled, would be the Old Colony Railroad Company ; and it could not object, so far as the trustee's interest is concerned, which far exceeds in amount the claim against it.                                    *Trustee discharged.*

*T. F. Nutter, pro se.*

*R. Olney,* for the trustee.