THE JEWELL PURE WATER COMPANY, Respondent, v. HARKNESS & RUSSELL, Garnishees, Appellants.

Kansas City Court of Appeals, April 25, 1892.

1. **Garnishment: MORTGAGOR AND MORTGAGEE.** A mortgagor agreed with the mortgagee that the latter should retain the surplus proceeds of the mortgage sale and apply the same in payment of certain subsequent advances made by the mortgagee to the mortgagor. After the sale, which produced a surplus, the mortgagee was garnished by an attaching creditor of the mortgagor. *Held*, the agreement, though not in writing nor acknowledged and recorded, was valid, and the garnishment should fail, as the agreement was a pledge consummated by possession.

2. ———: **DEFENDANT'S RIGHT.** An attaching creditor can hold the garnishee only to the extent of the defendant's claim against the garnishee.

3. ———: **MORTGAGEE'S LIABILITY.** Any removal of the mortgagee's liability to the mortgagor, which is the result of a *bona fide* contract made before a garnishment, cannot be interfered with or changed by the garnishment.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*L. A. Laughlin,* for appellants.

Process of garnishment cannot be made to operate so as to annul the contracts of parties. The plaintiff stands only in the shoes of the defendant, and the plaintiff's rights against the garnishee are no greater than those of the debtor, and the garnishee cannot be placed in a worse position than he would have occupied had he been directly sued by the debtor in the attachment suit. The plaintiff cannot recover against the garnishee unless the defendant could recover in a similar action. *McPherson v. Railroad,* 66 Mo. 103; *Fenton v. Block,* 10 Mo. App. 536; *Reinhart v. Soap Co.,* 33 Mo. App. 24; *Firebaugh v. Stone,* 36 Mo. 114; *Weil v. Tyler,* 38 Mo. 545; *Funkhouser v. Eveland,* 3 Mo. App. 602; *Bank v. Staley,* 9 Mo. App. 146. The garnishees were not restricted in the payment of rent, labor and other claims to the expenses allowed by the mortgage.

*Lathrop, Morrow & Fox,* for respondent.

After a sale under the mortgage the surplus is subject to garnishment process. 8 American & English Encyclopedia of Law, p. 1155; Jones on Chattel Mortgages [3 Ed.] sec. 817; *Casebolt v. Donaldson,* 67 Mo. 808; *Bank v. Brainard,* 20 Fed. Rep. 917; Drake on Attachment [6 Ed.] sec. 539, and cases cited; *Guano Co. v. Sparks,* 18 Fed. Rep. 281; *Barker v. Osborne,* 71 Me. 69; *Worder v. Baker,* 67 Wis. 408.

ELLISON, J.—The defendant, the Kansas City Towel & Laundry Company, was doing a laundry business in Kansas City, Missouri, and as an addition to their plant purchased of the plaintiff on credit a filter, giving therefor its notes; subsequently and on October 26, 1888, the laundry company executed a chattel mortgage on its plant, including the filter received from the plaintiff, to R. S. Crohn, to secure notes amounting to

$4,100, and on the same day the notes and mortgage were transferred to Harkness & Russell, garnishees. Default being made in the payment of these notes the garnishees, on January 2, 1889, took possession of the property covered by the chattel mortgage, and on February 5, 1889, sold out the mortgaged property under their chattel mortgage. In the meantime the laundry company, not having paid plaintiff the purchase price of the filter, plaintiff brought suit against the laundry company by attachment, and on February 5, 1889, served on the garnishees their notice of garnishment within a few hours after the sale under the mortgage had taken place. The property sold for $5,100, thus leaving a surplus of about $1,000 in the hands of garnishees; and it was this surplus which the plaintiff sought to reach by its garnishment. The garnishees resisted the plaintiff's right to reach this surplus upon the theory that they had made a previous arrangement with Crohn, the manager of the laundry company, whereby garnishees advanced money to the laundry company to pay off old bills, etc., with the understanding that they were to repay themselves from the proceeds of the mortgage sale if the proceeds were sufficient for that purpose.

The agreement between the garnishees and Crohn, the manager of the defendant, whereby the surplus remaining in the hands of garnishees after payment of the mortgage debt was to be applied on these advances, was not in writing, nor was it acknowledged and recorded in accordance with the law respecting chattel mortgages. Plaintiff's contention is that this agreement, though it may have been valid as between the parties, was void as against plaintiff who was a creditor of the defendant. The evidence showed the surplus was appropriated to the unsecured debt before the garnishment.

Our opinion is that the garnishees ought not to be held on the garnishment in this cause. By the terms of the oral agreement between the mortgagor and these garnishees (who are assignees of the mortgagee) the surplus which arose on the sale of the mortgaged property should become the garnishees for the payment of advances made by the garnishees to the mortgagor. This agreement, the sale under the mortgage, and the fact of a surplus, all took place *before* the service of garnishment. The agreement here was in the nature of a pledge which became consummated by possession before the garnishment. This answers plaintiff's objection that the agreement was void under the statute in relation to chattel mortgages, in that it was not in writing and recorded. For, where there is possession in the mortgagee or pledgee, there need not be a written instrument.

But, again, it is plain that the defendant mortgagor could not have maintained an action for this surplus against these garnishees, in the face of his agreement. This is sufficient to defeat the garnishment. For " an attaching creditor can hold the garnishee only to the extent of the defendant's claim against the garnishee, and he can acquire no rights against the latter, except such as the defendant had, and he is not permitted to place the garnishee in any worse condition than he would occupy if sued by the defendant." *McPherson v. Railroad*, 66 Mo. 103; *Reinhart v. Soap Co.*, 33 Mo. App. 24.

The question is presented from another standpoint. These garnishees as mortgagees (for, by the assignment of the mortgage to them, they became, practically, the original mortgagee) had an unsecured debt or claim against the mortgagor at the date of the sale of the mortgaged property, upon which the surplus herein arose. We need not decide whether the mortgagees

would, from this fact alone, have a right to appropriate the surplus to the payment of their unsecured debt; but we do hold, that since the mortgagor authorized them so to do, before the service of the garnishment, they could properly make the application. If these garnishees had been sued by the mortgagor for the surplus here in dispute, they could undoubtedly have made a successful defense on the facts of the case. Plaintiff as a garnishing creditor cannot be permitted to change the nature of the contract between the garnishee and the defendant. And any removal of the mortgagee's liability to the mortgagor which is a result of a *bone fide* contract made before the garnishment cannot be interfered with or changed by the garnishment. *Chapin v. Jackson*, 45 Ind. 153; *O'Brien v. Collins*, 124 Mass. 98, 586; *Harris v. Ins. Co.*, 35 Conn. 310; *Railroad v. Wheeler*, 18 Md. 372; *Doyle v. Gray*, 110 Mass. 206; *Drake v. Harrison*, 69 Wis. 99.

The case of *Hyde v. Larkin*, 35 Mo. App. 365, relied upon by plaintiff, is not applicable to the facts in this case. The general manager here had authority to pay the debts of the corporation, and he did more than this when he authorized the mortgagee to apply the surplus to the payment of such debt.

The judgment is reversed and the cause remanded. All concur.