G. P. WINBORN, Appellant, v. KANSAS CITY & SOUTH-
ERN RAILROAD COMPANY, Defendant; C. O.
CAMPBELL, Garnishee and
Respondent.

### Kansas City Court of Appeals, January 29, 1894.

Garnishment: STATION AGENT: MORTGAGEE RUNNING ROAD. The
station agent of a railroad in the possession of, and operated by, a
mortgagee, under a mortgage which provided that the moneys arising
from the operation of the road should be paid to the mortgagee, is
not subject to garnishment at the hands of a creditor of the mort-
gagor railroad.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W.
SLOAN, Judge.

AFFIRMED.

*Geo. B. Strother* for appellant.

*Johnson & Lucas* for respondent.

The creditor acquires only such rights of the gar-
nishee to the defendant, as the debtor possessed at the
date of the garnishment; and the garnishee cannot be
placed in a worse position than if he had been directly
sued by the debtor. *Weil v. Tyler*, 38 Mo. 345;
*Firebang v. Stowe*, 36 Mo. 133; *McPherson v. Railroad*,
66 Mo. 103. And he must prove the indebtedness of
the garnishee to the defendants in the same manner as
the defendant would have been obliged to do, had he
brought the suit against the garnishee. *Karnes v.
Pritchard*, 36 Mo. 135; *Reagan v. Railroad*, 21 Mo. 90.

ELLISON, J.—Plaintiff sued the defendant by name before a justice of the peace, the cause of action being based upon defendant's engines striking and killing his steer. He obtained judgment by default for double damages. The service had, was upon the garnishee herein as the station agent of the defendant. Afterwards plaintiff had such station agent garnisheed. Judgment was rendered against him as garnishee by default. He afterwards, in due time, appealed to the circuit court where, upon trial, judgment was given against the plaintiff, and he has brought the case here.

The case shows that the garnishee had money in his hands as station agent and which he had collected, as such, from the operation of the railroad, the trains of which killed plaintiff's steer. The question made is, whether such money so held by the garnishee is the money of the defendant railway, or the money of one John I. Blair.

The case shows that the defendant company had given a mortgage to secure a large indebtedness and that John I. Blair was operating the road as mortgagee from the year 1888 to April 21, 1891, during which time the steer was killed.

It appears, then, that Blair was in possession under mortgage which covered and included the revenues and receipts of defendant company; under the circumstances, the agent who has a portion of such receipts in his possession, would not be subject to garnishment at the hands of a creditor of the mortgagor. Under the terms of the mortgage, which may properly be said to be, in effect, a contract between the defendant company as mortgagor, and Blair as mortgagee, that the moneys arising from the operation of the road should be paid over to Blair (he being in possession), the

Hoffman v. Accident Indemnity Co.

defendant, as mortgagor, could not divert such funds from Blair. It is clear that plaintiff can have no greater right against the garnishee than the defendant has. *Jewell Pure Water Co. v. Harkness*, 49 Mo. App. 360. This disposition of the case renders it unnecessary to examine other points which have been elaborately argued by plaintiff's counsel.

We, therefore, affirm the judgment. All concur.