Parker, C. J.,
delivered the opinion of the Court.
We are all of opinion that Eaton was not a competent witness to prove usury in the sale of the note to the broker Adams; the note not having been put in circulation until then. The cases cited from Johnson’s reports establish this point, *viz., [ * 97 ] that a party to a note, who is otherwise competent, may be a witness to impeach the consideration by any fact happening after the note was made; such as usury upon any transfer. Rut we consider the note in the case at bar as made to all substantial purposes when Eaton procured it to be discounted, which was the purpose for which it was made. It had never before been uttered, and could not have been used by Eaton, he being the promisor, except by selling it; and when he sold it, it became efficient as a negotiable note. To admit him, therefore, to prove usury in this case, would be to defeat the salutary principle, by which *78 a party to a note is precluded from disparaging it by his testi many (6).
As to the demand made on the maker of the note, and notice of non-payment to the endorser in the case before us, we can see no sound objection. The cashier of the Hartford bank put his official signature on the back of the note, and sent it to the cashier of the branch bank in Boston, for the purpose of making the demand, and it was by him caused to be done. It is insisted that this act of the cashier of the Hartford bank was without authority from the corporation. But we think that the authority may be implied; it being the duty of cashiers to see to the preliminary measures necessary to a suit upon notes. A cashier cannot transfer the property of the corporation in a note, without authority from them, or perhaps, from the directors, pursuant to powers vested in them by the corporation ; but he may do what is requisite for the recovery of a note. The defendant in this case has no right to deny the authority of the cashier; for the corporation ratify his act, by bringing the action upon the act done by him. Had the note been sent on without any endorsement by the cashier, the demand would have been good. The endorsement amounts only to authority to deliver the note to the maker or endorser, as either should pay it; and the payment to the person holding the note, under such circumstances, would have been a discharge. There is no case which [ * 98 ] * requires that the person making the demand, should be authorized by letter of attorney; it is sufficient that he has been requested to perform the act, and that he has the note to deliver on payment.

Judgment on the verdict.

 [The doctrine is unsound. See note to Packard vs. Richardson, post, 197— Ed.]