DANIEL G. GREEN *vs.* WARREN NELSON.

A testator devised and bequeathed all his property to W., on condition that he
should pay all the testator's debts and the legacies given by his will; and he also
appointed W. executor of his will: Among the legacies given by the will was one
to R. which was to be paid in two years after the testator's decease: When the
will was made, the testator held several promissory notes against R., which were
overdue, and which were of greater amount than the legacy to R.: W. accepted
the devise and bequest made to him, but declined the trust of executor; and
administration on the testator's estate, with the will annexed, was granted to a
third person: G. brought an action against R., and summoned W. as R.'s trustee
*Held,* that W. was not chargeable as trustee of R.

THIS was a writ of *scire facias*, in which the defendant
was called upon to show cause why judgment and execution
should not be awarded against him and his own goods and
estate; he having been adjudged trustee of Rice Nelson, in a
suit in which the plaintiff recovered judgment against said
Rice, and not having paid over goods, effects, or credits, suffi-
cient to satisfy the execution which issued on said judgment.
(Rev. Sts. *c.* 109, § 38.) The defendant appeared, and made
an answer, which set forth the following facts:

Archibald Nelson, father of the defendant, by his last will,
which was duly proved and allowed, devised and bequeathed
all his property to the defendant, on condition that he should
pay all the said Archibald's debts, the charges of his funeral,
a legacy of $200 to his son, Rice Nelson, " to be paid him

within two years after " said Archibald's decease; a legacy of $25 each to two of the testator's daughters; and a legacy of $1 each to his four other children; and he appointed the defendant executor of the will. The defendant declined to accept the trust of executor, and administration of said Archibald's estate, with the will annexed, was committed to Asa Lincoln.

The testator, at the time when his will was made, and at the time of his death, held four promissory notes against his son, Rice Nelson, all of which were due and payable, amounting, in the whole, to $332·22, besides interest, on which payments were indorsed to the amount of $46 only; leaving a balance, besides interest, of $286·22. No part of this balance had been paid by said Rice, (as the defendant was informed by said administrator, and as the defendant verily believed,) and the said Rice was insolvent.

The defendant further stated, that he verily believed that the statement was true, which was contained in an affidavit made by said Asa Lincoln, and annexed to the defendant's answer. That affidavit was as follows : That said Lincoln wrote the said Archibald's will, and that, after it was written, the said Archibald said, his son, Rice, was owing him a larger amount than the legacy given to him, and that it was his (said Archibald's) intention to have the legacy go towards payment of it.

The defendant further stated, in answer to a specific interrogatory, that he claimed the property devised and bequeathed to him by the will of said Archibald.

The arguments, in this case, were submitted in writing.

*H. Morris,* for the plaintiff. The declarations of the testator, as to his intentions, cannot be taken into consideration by the court, in giving a construction to the will. *Farrar* v. *Ayres,* 5 Pick. 404. *Barrett* v. *Wright,* 13 Pick. 45.

The defendant having accepted the devise and bequest made to him, charged with the payment of the legacy of $200 to Rice Nelson, the latter could maintain an action against him to recover that legacy. Rev. Sts. c. 66, § 16

*Swasey* v. *Little*, 7 Pick. 296. And this is the ordinary criterion of the liability of one who is summoned as trustee, under Rev. Sts. c. 109. In an action by Rice against the defendant, to recover the legacy, the defendant could not avail himself of the notes given by Rice to the testator, and now in the hands of the administrator, either by way of payment or set-off. The demands are not between the same parties. See *St. Louis Perpetual Ins. Co.* v. *Homer*, 9 Met. 41. Even if this were the case of an intestate estate, and Rice had brought an action against the administrator for his distributive share, the administrator could not set off these notes. *Davis* v. *Newton*, 6 Met. 542. *Procter* v. *Newhall*, 17 Mass. 93. *Hancock* v. *Hubbard*, 19 Pick. 167. *A fortiori*, where there is a will, and the action is brought for a legacy.

The testator's will was made after he had taken the notes, and he must be presumed to have graduated the amount of the legacy to Rice, with reference to his previous advancements. The testator intended either to merge all his prior claims against Rice in this provision of the will, or to hold those claims as valid and binding, and designed the legacy as a ·means of payment *pro tanto.* If the latter were his purpose, it would seem more natural that he should have cancelled the notes, to the extent of $200, or have indorsed that sum thereon, or have directed his executor so to do, instead of directing that $200 should be *paid* to Rice, and making the devise to the defendant dependent upon the condition of his paying this and other legacies. Besides ; the notes of Rice were all due and payable before the will was made, and the administrator might have enforced payment, immediately after his appointment, by suit or otherwise; whereas the legacy to Rice was not payable until two years after the testator's decease. Rice, therefore, could not have availed himself of the legacy as a means of paying the notes. If the testator had intended the legacy as a set-off, why did he thus postpone the time of paying the legacy ?

In *Jones* v. *Richardson*, 5 Met. 247, it was decided that a

note given by a legatee to the testator, before the making of the will, cannot avail as payment or ademption of the legacy; and it would seem equally just in principle, and a result of the reasoning of the court, in that case, that it should not operate by way of set-off. In the case at bar, there are circumstances, already suggested, not found in the case in 5 Met. 247, which strongly indicate the testator's intention that it should not so operate.

*Leonard & Hyde*, for the defendant. There is nothing in the terms of the will which indicates the intention of the testator to give the notes, as well as the legacy, to Rice. On the contrary, all the personal property, which includes the notes, is expressly given to the defendant. The declaration of the testator, on this point, is said, by the plaintiff's counsel, not to be competent evidence, for the purpose of varying the construction of the will. That declaration is offered by the defendant, not for such purpose, but to control the extraneous facts and implied construction relied upon by the plaintiff; and in this view, the evidence is competent. *Baily* v. *Herkes*, 1 Pennsyl. 126. In Toller on Executors, (4th ed.) 338, it is said, "there can be no pretence to say, because a testator gives a legacy to his debtor, that this is an argument or evidence that the testator meant to remit the debt." See *Jeffs* v. *Wood*, 2 P. W. 128. *Clarke* v. *Bogardus*, 12 Wend. 67.

The notes are a perfect answer to the plaintiff's claim. If the time for the payment of the legacy had arrived, and an action were brought by Rice Nelson, the legatee, against the administrator, to recover it, the notes might be filed in set-off, and must be allowed. The case of *Jones* v. *Richardson*, 5 Met. 247, cited for the plaintiff, sustains this position, in effect. The only reason there mentioned, why the note should not be allowed by way of set-off, was, that it was barred by a judgment recovered. The defendant does not contend, as was done in that case, that the notes are to be applied specifically in payment or ademption of the legacy. It is sufficient for his purpose to show that the notes are

valid existing claims against Rice Nelson, in the hands of the administrator of the testator's estate. If the administrator might use the notes in set-off, so may the defendant in this action. A person who is summoned as trustee of a principal defendant shall have the right of a set-off, legal or equitable, in his own right, or in the right of those with whom he is privy. *Allen* v. *Hall,* 5 Met. 266, and the cases there cited. In that case, the court did not seem to hold that the revised statutes had restricted the right of set-off to the same rules which regulate that right in other forms of action between the parties to contracts. Nor did the legislature intend so to restrict it; but meant to leave to the court such a broad discretion as would promote justice, and not allow third persons to interfere, to the prejudice of trustees. See the commissioners' notes to §§ 35, 36, of Rev. Sts. *c.* 109.

The notes given to the testator by Rice are the property of the defendant, by the terms of the will. In an action by Rice against him, he would have a right to require Lincoln, the administrator, on being indemnified, to indorse them to him; and Lincoln might be compelled to do so, by a bill in equity.

DEWEY, J. The legacy given by the will of Archibald Nelson to Rice Nelson, did not discharge the notes held by the testator against Rice Nelson. There is nothing in the case to authorize such an assumption, nor any legal principle which would require us to give the will that effect. Such is the proper construction of the will, irrespective of any evidence of the parol declaration of the testator, to which we give no effect.

The only real question of difficulty in the present case is, whether the fact of the existence of such liabilities, on the part of Rice Nelson, to the estate of his late father, can avail the defendant, in this process against him as trustee of the goods, effects and credits of Rice Nelson. The apparent equity of the case is entirely with the defendant. The testator made the defendant his residuary devisee, giving him all his real and personal estate, subject to the payment of his debts and legacies, and constituted him sole executor

of his last will and testament. The effect of this disposition of the estate is, to give to the defendant a direct pecuniary interest in the debt due from Rice Nelson. The defendant has all the assets, and is bound to pay all the debts and legacies. As executor, there could have been no difficulty in making the set-off. If sued, as executor, for the legacy, by Rice Nelson, he might, as executor, institute a suit upon the notes, and one judgment would be properly set off against the other. The cases of *Procter* v. *Newhall*, 17 Mass. 93, and *Hancock* v. *Hubbard*, 19 Pick. 167, do not deny the right of set-off, if a suit is brought against an administrator, by the heir of an intestate, for his distributive share. On the contrary, they sanction that doctrine, and only hold that, in making the decree of distribution, the judge of probate cannot make any deduction from the share of any of the heirs, on account of any debt due by them to the estate of the intestate. For reasons which do not appear, the defendant declined acting as executor, and an administrator, *with the will annexed*, was appointed, who, by force of such appointment, became the legal representative of the testator; and all actions to enforce payment of debts due to the estate must be sued in his name.

The case on the part of the plaintiff shows the legacy to Rice Nelson, and sufficient evidence of an acceptance thereof; and the devise to the defendant on condition of his paying the debts and legacies of the testator, and an acceptance by the defendant of the legacy upon this condition; all which facts being shown, Rice Nelson could have maintained an action against the present defendant, to enforce the payment of the legacy to him. *Swasey* v. *Little*, 7 Pick. 296. The further point to be settled is, whether the benefit of a set-off, such as would have been allowed if the defendant had accepted the trust of executor, and was now acting in that capacity, is lost by reason of the appointment of another person as administrator with the will annexed. A technical difficulty would undoubtedly arise in applying the statute of set-off, in a case like the present, if this had been an action

at common law, by the legatee against the defendant, as residuary devisee, charged with the payment of the legacy. But the court have recognized the principle of sustaining a defence to an action, by allowing demands to operate by way either of set-off or of payment, although existing in the form of demands on the part of the defendant against another person than the plaintiff, where it was necessary so to do, to prevent fraud or manifest injustice. The cases of *Stockbridge* v. *Damon*, 5 Pick. 223, and *Sargent* v. *Southgate*, 5 Pick. 312, are of this character. The cases, that have arisen against persons sought to be charged as trustees, are, however, more in point, and very fully sanction the principle of allowing to the party "every legal and every equitable set-off in his own right, or in the right of those with whom he is privy." *Hathaway* v. *Russell*, 16 Mass. 473. *Allen* v. *Hall*, 5 Met. 266. Whenever you seek to charge a party as trustee, by reason of credits, and not as the holder of specific articles of personal property, you open to him a broad equity; and the balance only, after all equitable allowances, is the sum for which he is to be charged as trustee. Applying the principle of these decisions to the case at bar, they will fully justify us in discharging the trustee, as having no credits of the debtor in his hands, that could be properly attached or held under this process. The notes of the debtor, although payable to the testator, and in form to be collected in the name of his legal representative, are really the property of the defendant, and he alone has any pecuniary interest in them. If collected by the administrator, it would be for the use of the defendant. We think that the defendant, under the circumstances of the present case, ought not to be charged as the trustee of Rice Nelso..

*Defendant discharged.*