RUSSELL et al. v. ADAMS et al. (No. 9686.)*

Court of Civil Appeals of Texas. Dallas. Feb. 16, 1927.

Rehearing Denied March 19, 1927.

1. Wills ⏥751—Devise of 300 acres out of land "not herein specially bequeathed" for life with remainder in fee held specific.

Devise of 300 acres of land to be set apart "out of my land not herein specially bequeathed" for life, with remainder in fee to life tenant's children, held specific, not general.

2. Wills ⏥836—Residuary devise for, life with remainder to children in fee held not subject to debts due testator by remainderman or life tenant. .

Devise of residue of real property for life, with remainder in fee to life tenant's children, held not subject to debt which remainderman or life tenant owed testator's estate; executor having no right to retain land devised, in view of absence of apparent intent that devise should be burdened with indebtedness.

3. Wills ⏥836—Real estate specifically devised is not charged with payment of debts, in absence of express provision or unmistakable implication of will.

In order to charge real estate specifically devised with payment of debts, will must contain express provision to that effect, or charge must be clearly and unmistakably implied from whole will.

4. Wills ⏥836—Provisions for survivorship in case of death of remainderman held to evidence intent not to charge devise with indebtedness of life tenant or remainderman.

Intention that devise should not be charged with life tenant's or remainderman's indebtedness held evidenced by provision in will that if any remainderman should die before testator or life tenant, and leave surviving children, share should vest in surviving children according to law of descent, otherwise to go to surviving remaindermen.

5. Executors and administrators ⏥41—Where personal property was sufficient to pay debts and administration expenses, executor could not retain rents and profits of realty against devisee's estate, despite indebtedness due estate of testator.

Executor could not retain as part of estate rents and revenue derived from possession of land, either before or after death of life tenant devisee, as against his estate for devisee's indebtedness to estate of testator, where personal property was at all times sufficient to pay testator's debts and expenses of administration.

6. Executors and administrators ⏥39—Lands vested in devisees on testator's death, where personal property· was sufficient to· pay debts . and expenses of administration.

Where personal estate was sufficient to pay testator's debts and expenses of administration, lands devised vested in devisees immediately upon death of testator; executor having no right to possession of rents and profits.

7. Executors and administrators ⏥41—Rents accruing to devisee during lifetime passed to personal representative.

Rents accruing to devisee on lands devised during his lifetime passed to his personal representative to be disposed of according to law of descent and distribution.

8. Executors and administrators ⏥272—Executor of testator had no greater rights against devisee's estate than ordinary creditor for debt due testator's estate not made burden on devise.

Where will indicated no intention to burden devise with indebtedness of devisee, sole remedy of executor against devisee's estate for indebtedness due testator's estate at time of testator's· death was by presenting claim as ordinary creditor; executor not being entitled to withhold lands devised or rents and profits therefrom to satisfy debt.

9. Bankruptcy ⏥303(5)—Finding that property conveyed by devisee to wife and minor child, from whom he had separated, constituted their homestead, held proper as ·against claim of devisee's trustee in bankruptcy.

In suit by devisees under will against executor for partition, finding that property conveyed by one of devisees to his wife and children constituted their homestead held proper as against claim of devisee's trustee in bankruptcy; husband and wife having separated after delivery of deed.

10. Fraudulent conveyances ⏥52(1)—Conveyance by debtor to wife and children of property constituting their homestead could not be fraudulent as to creditors.

Where property conveyed by debtor to his wife and children constituted their homestead, conveyance, though without consideration, was valid; statute relating to fraudulent conveyances having no application.

11. Bankruptcy ⏥296—State court had jurisdiction to determine whether property of debtor conveyed to wife and children almost one year before bankruptcy· constituted their homestead.

In suit for partition of land by devisees under will in which trustee in bankruptcy of one of devisees asserted claim, state court had jurisdiction to determine whether property conveyed by bankrupt devisee almost one year before adjudication constituted homestead of wife and children.

12. Bankruptcy ⏥177—Deed of trust given year and a half before bankruptcy in good faith to secure prior indebtedness held valid lien as against claim of trustee.

Deed of trust given by debtor to secure prior indebtedness in good faith and without intention to defraud creditors held valid and subsisting. lien as against claim of trustee in bankruptcy, deed of trust being given a year and a half before bankruptcy.

13. Mortgages ⏥25(3)—Creditor's release of surety on prior notes held good consideration for execution of new notes secured by deed of trust.

Release of surety from liability on prior notes held good consideration for execution of

⏥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes·
*Writ of error granted May 11, 1927.

new notes for which trust deed was given as security.

Appeal from District Court, Collin County; F. E. Wilcox, Judge.

Suit by Fannie May Adams and others against John J. Russell, executor of the will of George W. Bowman, deceased, Grace Fitzgerald, trustee in bankruptcy of the estate of J. H. Bowman, Jr., and others. Judgment for plaintiffs, and the two defendants first named appeal. Affirmed.

Grace N. Fitzgerald and Merritt & Leddy, all of Dallas, and E. W. Merritt, of McKinney, for appellants.

E. B. Ward, of Corpus Christi, and Howell Ward, of Houston, for appellant Fitzgerald.

Truett & Neathery and John Doyle, all of McKinney, for appellees.

VAUGHAN, J. This was a suit filed by Fannie May Adams and other legatees under the will of George W. Bowman, deceased, against Mrs. Brina E. Bowman, surviving wife of George W. Bowman, and John J. Russell, independent executor of the will of George W. Bowman, deceased, and other legatees under the will of said Bowman, for partition of the real and personal property of said estate under the terms of said will. Miss Grace Fitzgerald, trustee in bankruptcy of the estate of J. H. Bowman, Jr., a legatee under said will, and Russell Bros., a firm composed of Charley Russell and George Russell, were also defendants. By cross-bill filed by the defendants except John J. Russell, executor, and Miss Grace Fitzgerald, trustee, the City National Bank of Corpus Christi, Tex., Titche-Goettinger Company, and Linz Bros., were made parties defendant. Titche-Goettinger Company and Linz Bros. made default. The executor, John J. Russell, answered alleging that J. H. Bowman, Jr., was indebted to the estate of George W. Bowman, deceased, in an amount largely in excess of the value of the interest in said estate bequeathed to the said J. H. Bowman, Jr., and sought to retain the portion of the estate, both real and personal, willed to said J. H. Bowman. Jr., to pay the indebtedness due by the said Bowman to said estate, also alleging and seeking to have decreed a lien in favor of said executor on the interest of said Bowman superior to the claim of the trustee in bankruptcy and superior to the claim of Russell Bros., who held a deed of trust on said J. H. Bowman, Jr.'s, interest in said estate and superior to the claim of Eula Bowman, intervener, and her children; she being the wife of J. H. Bowman, Jr.

By appropriate answer the said Eula Bowman set up her claim to the property conveyed to her by said J. H. Bowman, Jr., as her homestead, alleging in effect that at the time said Bowman conveyed said real estate to her and her children it was his homestead; that he made said conveyance with the intention that said real estate should be the homestead of himself, his said wife, and minor children, and since that conveyance said real estate had been and is the homestead of said J. H. Bowman, Jr., his said wife and minor children. Mrs. Dora E. Bowman, administratrix of the estate of J. H. Bowman, Sr., deceased, by proper intervention claimed the right to receive the rents and revenues that accrued on the lands bequeathed to said J. H. Bowman, Sr., by the said George W. Bowman from the date of his death, viz., June 23, 1921; until the date of the death of said J. H. Bowman, Sr., the 14th day of March, 1923, alleging that the 300 acres of land bequeathed to him for his life by the said George W. Bowman had been withheld by the executor of the said George W. Bowman and all rents and revenue arising therefrom during said period of time had been retained by said executor.

A trial was had before the court, without the intervention of a jury, who, in construing the will of George W. Bowman, deceased, held that the executor, John J. Russell, had no right to retain in his hands, nor any right to, nor any lien upon, the interest of J. H. Bowman, Jr., in the lands bequeathed to him, nor any right to retain the revenues arising from the portion of the lands bequeathed to J. H. Bowman, Jr., while the said lands were in the hands of said executor, to pay the indebtedness due by the said J. H. Bowman, Jr., to said estate; that the said J. H. Bowman, Jr., was not entitled to take any part of the residue of the personal estate bequeathed to him by item 7 of the will of said George H. Bowman, but was entitled to have such amount credited on his indebtedness to said estate, which indebtedness was largely in excess of the amount of his interest in said personal property; that the interest in the residue due of the personal property so bequeathed to J. H. Bowman, Jr., should pass to the community estate of George W. Bowman and Brina E. Bowman, and one-half of said interest should pass to the residue of personal property to be disposed of as provided in item 7 of said will; that the lands bequeathed to J. H. Bowman, Jr., by him conveyed to Mrs. Eula Bowman and children, became under said conveyance and was the homestead of said Eula Bowman, subject to the lien created thereon by the deed of trust executed by J. H. Bowman, Jr., to Russell Bros.; that said deed of trust lien was a valid and subsisting lien on said land; that Mrs. Dora E. Bowman, administratrix of the estate of J. H. Bowman, deceased, should recover $3,018.05, rents that accrued on the 300 acres from the date of the death of G. W. Bowman to the date of the death of J. H. Bowman, Sr., and that the rents accrued on said 300 acres of land after the death of said J. H. Bowman Sr., up to the trial of said cause were adjudged as follows: Eula Bowman and Jack Bowman, jointly, $528.46, Flo-

rie Wall $528.46, and Fannie May Adams $328.46, said judgment directing that said rents so adjudged to said parties should be paid out of the separate personal property of G. W. Bowman, deceased, and out of his interest in the community personal property.

The executor, John J. Russell, and trustee in bankruptcy, Miss Grace Fitzgerald, duly prosecuted their respective appeals from said judgment. In view of the fact that only said executor and said trustee appealed, and that the questions presented thereby for the determination of this court involve only rights as between said appellants and J. H. Bowman, Jr., Mrs. Eula Bowman, Florence Bowman Haggard, Dora Bowman Carter, Mrs. E. Bowman, administratrix of J. H. Bowman, Sr., deceased, and Jack Bowman, it is unnecessary to present the issues raised as to the other parties to the suit, and as the issues raised by the pleadings will be amply reflected in the presentation and discussion of the controlling facts, no further statement from the pleadings will be made.

The trial court found the following facts to have been established from the evidence introduced before him, which findings, appearing from the record to be supported by evidence, are adopted by this court as its findings of fact, viz.:

That George W. Bowman died June 23, 1921, leaving a written will, which was duly probated on July 29, 1921. That J. J. Russell was named as independent executor of said will and duly qualified as such on July 29, 1921, and took possession of all the property belonging to the estate of said George W. Bowman, deceased, including the community property of George W. Bowman and wife, Brina E. Bowman. That the provisions of said will involved in this suit are as follows:

"Item 4. At my death it is my desire and I will and bequeath to my beloved brother, J. H. Bowman, to have, hold, use, occupy and enjoy during his natural life, the following lands, to wit: 300 acres of land to be set apart to him out of my lands not herein specially bequeathed. It is further my desire that should my beloved brother, J. H. Bowman, die before I do; or in case he survives me then at his death, that the lands herein bequeathed to him for life shall vest absolutely in fee simple in his three children, Florrie Wall, J. H. Bowman, Jr., and Fannie May Adams, share and share alike, and it is my further desire that should either of said named children die before I do, or before their father J. H. Bowman, and leave surviving them a child, or children, or their descendants, that such child's share shall descend and vest in them according to the law of descent and distribution, but in case such deceased child shall leave no surviving child or children or their descendants, then it is my desire that the survivors of J. H. Bowman's children shall take such child's share to be equally divided between them."

"Item 7. It is further my desire that at my death, after all my just debts are paid, that all the balance of my personal property, consisting of notes, accounts, money, bank stock, interur-

ban stock, including all personal effects, shall be divided into five (5) equal parts, which I will and bequeath as follows: One part to Brina E. Bowman, my beloved wife; one part or share to the children of J. J. Russell, to wit: Julia and John Russell, and Georgia Edna Russell, to be equally divided between them. One part or share to the children of Mary and Bill Loveless, to wit: John Loveless, Will Loveless, George Loveless, Jim Loveless, to be divided between them equally. One part or share to the children of my brother, J. H. Bowman, to wit: Florrie Wall, J. H. Bowman, Jr., and Fannie May Adams, to be equally divided between them; and one part or share to Edna May Dilley Bowman, in the event that she shall not have married prior to my death, but in the event she shall so marry prior to my death, then it is my desire she take nothing under this will and that the share herein bequeathed her shall be divided into four (4) equal parts and be given the other legatees under this Item, in proportions as above set forth. All personal property of every kind is intended to be included in this Item.

"Item 8. It is my desire that all the balance of my real estate and lands left after carrying out the bequests and legacies hereinabove set out shall be divided into four (4) equal shares. One share I give absolutely in fee simple to my beloved wife, Brina E. Bowman; one share I give absolutely in fee simple to Georgia Edna Russell, Julia Russell and John Russell, Jr., to be equally divided between them. One share I give absolutely in fee simple to Florrie Wall, J. H. Bowman, Jr., and Fannie May Adams, to be equally divided between them. One share I give absolutely in fee simple to the children of Mary and Bill Loveless, to wit: John Loveless, Will Loveless, George Loveless and Jim Loveless, to be equally divided between them."

By item 5, 305 acres of land was bequeathed as follows: 105 acres to Georgia Edna Russell, 100 acres to Julia Russell, and 100 acres to John Russell, Jr.

By item 6, 325 acres of land was bequeathed to the children of Mary and Bill Loveless, as follows: 75 acres to John Loveless, 75 acres to Will Loveless, 75 acres to George Loveless, and 100 acres to Jim Loveless.

Item 2 provided:

"It is my desire that my executor shall pay all my just debts from my personal property as soon after my death as it is practicable."

George W. Bowman, deceased, did not leave any child surviving him and no direct descendants. Brina E. Bowman is the surviving wife of George W. Bowman, deceased, and J. H. Bowman was a brother of George W. Bowman. Said J. H. Bowman, Sr., died on March 4, 1923, intestate, and was at the time of his death indebted to the estate of G. W. Bowman in an amount in excess of the value of the life estate devised to him in the 300 acres of land by item 4 of said will. Florrie Wall, J. H. Bowman, Jr., and Fannie May Adams, devisees of the fee to the land mentioned in item 4, are the children of J. H. Bowman, Sr. It was the intention of George W. Bowman, deceased, to devise absolutely a life estate in the 300 acres of land devised by

item 4 to J. H. Bowman, Sr., and that he intended to devise the fee absolutely to said Florie Wall, J. H. Bowman, and Fannie May Adams, share and share alike, and that he did not intend that said devise to either of said parties should be charged with any debt then due from either of said persons to said George W. Bowman, deceased, or thereafter to become due. It was not the purpose or intention of George W. Bowman, deceased, that the land devised to J. H. Bowman, Jr., by items 4 and 8 of said will should be charged with any indebtedness of said J. H. Bowman, Jr., that he might then be due and owing or which might thereafter accrue against him in favor of said George W. Bowman, but said George W. Bowman intended to devise said land to said J. H. Bowman, Jr., absolutely, and it was not his intention that any of said land devised to J. H. Bowman, Jr., should be retained by his executor in order to secure any debts then owing or that might thereafter be owing by the said J. H. Bowman, Jr., to the said George W. Bowman, and that it was not the intention of the said George W. Bowman, deceased, that a lien should be retained against the real property devised to J. H. Bowman, Jr., to secure any indebtedness of the latter to the estate of George W. Bowman, deceased. That on October 11, 1921, J. H. Bowman, Jr. gave a deed of trust to Russell Bros. on his interest in the 300 acres of land mentioned in item 4 of said will to secure a note for $3,850, dated October 10, 1921, payable to the order of Russell Bros., on or before two years after date. That said note was given in renewal for prior indebtedness owing by J. H. Bowman, Jr., to Russell Bros., evidenced by notes executed over a year prior to the execution of the deed of trust in payment for 26 mules which he had purchased from Russell Bros. That said prior notes were also signed by George Loveless, as joint maker, though in fact as surety for said J. H. Bowman, Jr. That said note and deed of trust were given in consideration of the renewal and extension of said prior notes and the release of George Loveless from liability on said prior notes. That at the time of the execution of said deed of trust to Russell Bros., J. H. Bowman, Jr., was in fact insolvent but did not believe himself so to be, and said deed of trust was given in good faith, without any intention to injure or defraud any other creditor, and that at the time said deed of trust was given to Russell Bros., neither of them had any knowledge that J. H. Bowman, Jr., was insolvent or that he was indebted to any other person. Said deed of trust was filed for record October 11, 1921.

On December 22, 1921, J. H. Bowman, Jr., by his general warranty deed of that date, in consideration of love and affection conveyed to his wife, Eula Bowman, and his children, all of his undivided interest in and to the real estate devised to him by George W. Bowman, deceased, in said will; the conveyance to Eula Bowman being for and during her natural life, proceeds, income, rents, and revenue therefrom to be owned and received by her and by their minor son, Jack Bowman, equally, until he should arrive at the age of 25 years, after which the proceeds and income therefrom were to belong to the said Eula Bowman, until her death, at which time the said land was to be divided between the said children of J. H. Bowman, Jr., and Eula Bowman. Said deed was filed for record May 25, 1922. That it was the intention of J. H. Bowman, Jr., in conveying said lands, that same should be a homestead for his wife, Eula Bowman, and their children, so long as she lived, and it was his intention that she and their minor son should occupy said land as a homestead as soon as possession thereof should be obtained, and it was the intention of the said Eula Bowman to occupy said land as a homestead as soon as possession thereof could be obtained. That said J. H. Bowman, Jr., and Eula Bowman have not been able to occupy said land as a homestead for the reason that the executor of the George W. Bowman estate, namely, J. J. Russell, has been in possession of said land since he qualified as executor of said will, and that he, the said executor, had contended and is now contending that J. H. Bowman, Jr., is not entitled to receive any real estate or personal property under said will, for the reason that J. H. Bowman, Jr., is indebted to said estate in a larger sum than the value of said lands and the personal property bequeathed to him by said will.

That on April 26, 1923, J. H. Bowman, Jr., filed a voluntary petition in bankruptcy in the United States District Court for the Northern District of Texas, and on said date was adjudicated a bankrupt, and on July 21, 1923, the bankrupt court made and entered its order discharging him from his indebtedness, as provided by law. In the schedules accompanying the petition in bankruptcy, he recited the fact that he had executed said deed of trust to Russell Bros., and the fact that he had executed said deed to his wife and children conveying to them said land. That it was the intention of J. H. Bowman, Jr., and his wife at the time he was adjudicated a bankrupt, that said land should be used by his wife and children as a homestead, as soon as they could get possession of same. That said lands were not listed in said schedules for the reason that he had more than four months prior to filing his petition in bankruptcy conveyed the same to his said wife and children. That he did not in said bankruptcy court ask that said land in question be set aside to him as a homestead for the reason that he had already conveyed the same to his wife and children and did not consider the land was his nor claim it. That

the trustee in bankruptcy did not take any action with reference to the land conveyed to the wife and children of said J. H. Bowman, Jr., and made no claim to it as belonging to the estate of J. H. Bowman, Jr., until after she was made a party defendant in this partition suit, when for the first time said trustee set up that the property belonged to the said J. H. Bowman, Jr., a bankrupt. That the lands devised in items 4, 6, and 8 of said will are farm lands, under fence, the major part being in cultivation, on which are situated one or more houses.

That prior to the filing of said petition in bankruptcy, and prior to the filing of this suit, J. J. Russell, executor, did not file any suit or take any other action seeking to fix any character of lien or charge upon the real estate devised to J. H. Bowman, Jr., or J. H. Bowman, Sr., to secure their debts due to the estate of George W. Bowman, deceased. That Eula Bowman was not living with her husband, J. H. Bowman, Jr., at the time of the death of J. H. Bowman, Sr., but was living with him as her husband at the time of the execution of said deed by J. H. Bowman, Jr., to her and her children. That their separation is permanent, but no divorce proceedings had ever been instituted by either of them. That when J. H. Bowman, Jr., made the deed in question to his wife, Eula Bowman, they did not own any homestead, and the land conveyed by said deed and involved in this suit was the only real estate owned by J. H. Bowman, Jr., at and since that time. That J. H. Bowman, Jr., evidenced his intention that the land conveyed to his wife and children should be their homestead by the deed of conveyance and by the recitals in the schedules in bankruptcy. However, the evidence did not disclose any further act or acts of theirs which made the land in question the homestead of the said Eula Bowman and her children. They were excused from taking any steps to actually use it as a homestead by reason of the fact that said land was in the possession of said executor, J. J. Russell, but that it was their intention all the time and is now the intention of J. H. Bowman, Jr., and Eula Bowman that she should occupy said land as a homestead for the use of herself and children as soon as she could obtain possession of same. That J. H. Bowman, Jr., owes the estate of George W. Bowman, deceased, certain notes which are in excess of the value of the personal property and real estate devised and bequeathed to him. At the time of the death of George W. Bowman, J. H. Bowman, Jr., was insolvent, and was insolvent at the time he executed the deed to his wife Eula Bowman. That the notes evidencing the indebtedness due the estate of George W. Bowman, deceased, were executed by J. H. Bowman, Jr., after the said George W. Bowman executed his will on the 13th day of August, 1924, but whether same were

executed for a consideration then received or in renewal of an existing indebtedness was not shown by the evidence. The land devised to J. H. Bowman, Sr., had never been turned over to him during his lifetime, and that no part of the land going to J. H. Bowman, Jr., under said will, had ever been set apart or turned over to him, or to his wife, Eula Bowman. That said executor, Russell, has had the exclusive and sole possession of that part of the estate of George W. Bowman devised to J. H. Bowman, Sr., and J. H. Bowman, Jr., since the death of said George W. Bowman. That after setting apart all special bequests of land in accordance with the terms of said will, there is a residue of 139.50 acres and also a one-half interest in 10 acres and ¼ of an acre, to be disposed of under item 8 of said will. That the notes of J. H. Bowman, Jr., due the estate of George W. Bowman, deceased were not in any manner proved up as a claim against said J. H. Bowman, Jr., in the bankruptcy court, and the lands bequeathed to said J. H. Bowman, Jr., were not listed as his assets in the bankruptcy schedules filed by him.

That at the time of the execution of the deed in question by J. H. Bowman, Jr., to his wife, Eula Bowman, their minor child, Jack Bowman, was living with his mother, Eula Bowman, and she was at the time of the death of J. H. Bowman, Sr., and is now in fact the head of the household. That George W. Bowman did not make an equal distribution of his estate among his heirs at law, who are named his legatees and devisees, and that it was not his intention to do so. That it was the intention of George W. Bowman, deceased, to, and as a matter of fact he did, will and bequeath to J. H. Bowman, Jr., Mrs. Fannie May Adams, and Mrs. Florie Wall, children of J. H. Bowman, Sr., deceased, property of equal value, but it was not his intention that the real estate devised to said children should be incumbered or charged with any indebtedness that any of them might be owing to him at the time of his death, but that such indebtedness, if any, should be collected as ordinary debts due his estate.

By his assignments of error, appellant Russell, executor, complains of the action of the court in refusing to subject the interests of J. H. Bowman, Jr., in the lands of the estate of George W. Bowman, deceased, and the revenues therefrom to the payment of his indebtedness to said estate, and by her assignments of error appellant Miss Grace Fitzgerald, trustee, complains of the judgment of the court in holding: (a) That the real estate conveyed to Eula Bowman and children by J. H. Bowman, Jr., which was bequeathed to him by George W. Bowman, deceased, was the homestead of the said Eula Bowman; (b) that the deed of trust lien on said real estate in favor of Russell Bros. was a valid and

subsisting lien on said property; and (c) that the deed from J. H. Bowman, Jr., to his wife, Eula Bowman, and children, was valid because it was shown that same was made while he was insolvent, without consideration valuable in law, and while he owed creditors represented by said trustee.

To exhibit the correctness of the rulings challenged, we think it sufficient to cite under appropriate headings, without comment, authorities as follows:

[1] That the devises to J. H. Bowman, Sr., and J. H. Bowman, Jr., were specific is supported by Kelly v. Richardson, 100 Ala. 584, at page 596, last column, 13 So. 785, from which we quote:

"At common law all devises of land, whether given by particular description or residuary clauses, were specific. The soundness of this doctrine—its logical correctness—is manifest when reference is had to that rule of the common law by which wills were held to speak as of the date of their execution, and to embrace only such property as then belonged to the testator, and was within the terms of the testament. Under that rule, as has been well said, 'a devise of lands operated in the nature of an appointment upon the land held by the testator at the time of its execution, hence, whether the land devised was described specifically, or only by way of residue, for practical purposes, it was equally well ascertained,' since the residue then held by the testator was as capable of identification, and was already, indeed, as fully identified in his mind and intention, as the part segregated therefrom by particular description, he being held to know what property he is seised of. And therefore the doctrine we have stated, that even residuary devises are specific because it is to be assumed the testator had the residue of the land then held by him in his mind and to have intended it to go to the residuary devisee as specifically as he had intended the lands particularly described to go to other devisees. Some modification of this doctrine has been admitted in American courts, in view of statutory provisions which have the effect of making wills speak from the death of the testator instead of from their execution."

See, also, McFadden v. Hefley, 28 S. C. 317, 5 S. E. 812, 13 Am. St. Rep. 675; In re White, 125 N. Y. 544, 26 N. E. 909; National Bond, etc., v. Fry, 293 Mo. 399, 239 S. W. 519; Gardner v. McNeal, 117 Md. 27, 82 A. 988, 40 L. R. A. (N. S.) 553, Ann. Cas. 1914A, 119; Baker v. Baker, 319 Ill. 320, 150 N. E. 284, 42 A. L. R. 1514, and Dearborn v. Preston, 7 Allen (Mass.) 192. The case of Dearborn v. Preston being so directly in point, we make the following quotation, the same contention in effect being made in that case as in the instant case:

"But no such claim can be maintained, because the rule of law upon the subject is so well known and established that there can be no doubt of the legal right of a devisee of real estate to take and hold it absolutely, free from any lien or charge or incumbrance as security for anything which he owed to the testator, and may still owe to his legal representatives. It

was very early determined that in the division among the heirs of the real estate of a person who died intestate, no deduction would be made from the share of any one of them for or on account of any debt due from him to the intestate; and that there was no lien or charge in any form subsisting upon such share as security-for such debt, or which could in any way be enforced towards the payment of it. Procter v. Newhall, 17 Mass. 93. The judgment of the court in the case of Hancock v. Hubbard, 19 Pick. [Mass.] 167, declared and reaffirmed the same doctrine. And these decisions have never been doubted or brought into question, but ever since they were promulgated have been uniformly received and recognized as true and undoubted expositions of the law. The rights of devisees to real estate, or to any share or interest therein specifically devised to them, depend and are obviously to be determined upon the same principle. The reason why that rule should prevail in reference to devisees to whom real estate is given without words of condition or limitation annexed to the devise is even more strong and obvious than why it should be applied in reference to the inheritance of heirs at law. The testator may prescribe at his own pleasure the terms of his gift; and, if he desires and intends to do so, he may charge and incumber the estate devised with the duty and obligation of paying any debt which shall remain due from the devisee to the testator at the time of his decease. His omission to impose any such condition unequivocally evinces an intention to make his gift absolute and unconditional. And it is a plain and unavoidable consequence of an unrestricted and absolute devise, that the estate devised comes to the devisee entirely free from any incumbrance or liability to be in any part appropriated to the payment or discharge of any debt which was due from him to the testator."

[2] Did the court err in holding adversely to the position of appellant Russel, viz., that he had the right to retain the land devised to J. H. Bowman, Jr., in payment of his indebtedness to the estate of George W. Bowman, deceased, notwithstanding the devise may be specific? The following authorities induced us to conclude that the trial court did not err in so holding:

[3] Thompson on Wills (1918 Ed.) § 324, from which we quote as follows:

"In order to charge real estate specifically devised with the payment of debts and legacies, the will must contain an express provision to that effect or the charge must be clearly and unmistakably implied from the whole will, read in the light of all the surrounding circumstances."

Theobald on Wills, pp. 818–19. This author, in discussing the express right of retainer as against a person who takes a benefit under the will of a testator, makes the following observation:

"The right of retainer does not extend to a specific devise of land or a specific gift of leaseholds or chattels."

Dearborn v. Preston, supra; LaFoy v. LaFoy, 43 N. J. Eq. 206, 10 A. 266, 3 Am. St.

Rep. 302; Oxsheer v. Nave, 90 Tex. 568, 40 S. W. 7, 37 L. R. A. 98.

[4] Furthermore, on this proposition we think it can well be said that even if it should be conceded that the bequest to J. H. Bowman, Jr., was not specific, the position of appellant Russell could not be maintained because the section of the will containing the bequest to J. H. Bowman, Jr., shows that the testator Bowman intended that the real estate so devised by him should not be charged with the indebtedness owing by such devisee to him. After devising to J. H. Bowman, Sr., a life estate in 300 acres of land to have and to hold, occupy, and enjoy, during his natural life, the will then provides that at his death the land so bequeathed to him for life shall vest absolutely in fee simple in his three children, Florie Wall, J. H. Bowman, Jr., and Fannie May Adams, share and share alike, and as further indicative of his intention, said testator further provided that if either of said named children should die before the death of the testator, or before the death or J. H. Bowman, Sr., and leave surviving him a child or children, or their descendants, such child's part should descend and vest in the surviving child or children, according to the law of descent and distribution, and that in case such deceased child should leave no surviving child or children, or their descendants, then in such case the survivor of J. H. Bowman's children should take such child's part, to be divided equally between them. This provision is diametrically opposed to the existence of the purpose or intention on the part of the testator that the bequest so made should be burdened with indebtedness due or that might thereafter become due by either of said devisees, J. H. Bowman, Sr., or J. H. Bowman, Jr.

[5-8] The contention of appellant Russell that as executor of the estate of George W. Bowman, deceased, he had the right to retain as a. part of that estate the rents and revenues arising from said 300 acres of land against the administratrix of the estate of J. H. Bowman, Sr., and Mrs. Eula Bowman and children, cannot be sustained, because the personal estate having been at all times more than sufficient to pay the testator's debts and the expenses of administration, the lands vested in the respective devisees immediately upon the death of the testator, and the executor had no right whatever to the possession of said lands, nor to the rents and revenue derived therefrom. Such rents and revenue were no part of the estate of George W. Bowman, deceased, but belonged, to the devisees, and said executor at no time had any right to the possession of same. The rents that accrued on the lands devised to J. H. Bowman, Sr., during his lifetime passed to his administratrix, to be disposed of according to the law of descent and distribution. Appellant Russell has and had the right to present his claim for allowance against the estate of J. H. Bowman, Sr., just as any other creditor, but he had no more rights than any other creditor. The rents that accrued on said 100 acres of land after the death of J. H. Bowman, Sr., passed to and vested in Eula Bowman and her minor son, Jack Bowman.

[9] Did the trial court err in adjudging that the property involved, viz., the 100 acres conveyed by J. H. Bowman, Jr., to Eula Bowman and children, constituted and was the homestead of Eula Bowman and her minor son, Jack Bowman? We think the following authorities, properly applied to the facts upon which such adjudication was based, sufficient to sustain same: Rock Island Plow Co. v. Alten (Tex. Civ. App.) 111 S. W. 973; Moores v. Wills, 69 Tex. 109, 5 S. W. 675; Henderson v. Ford, 46 Tex. 627; Stone v. Darnell, 20 Tex. 11; Wallis v. Wendler, 27 Tex. Civ. App. 235, 65 S. W. 43; Moreland v. Barnhart, 44 Tex. 275; Gardner v. Douglass, 64 Tex. 76; Foley v. Holtkamp, 28 Tex. Civ. App. 123, 66 S. W. 891; Cameron v. Gebhard, 85 Tex. 610, 22 S. W. 1033, 34 Am. St. Rep. 832.

[10] The trial court having found as a fact that the property conveyed by J. H. Bowman, Jr., to his wife and children was and constituted their homestead, the statute relating to fraudulent conveyances had no application. From the beginning it has been held in this state that the conveyance of exempt property is not within the purview of the statutes of fraud and fraudulent conveyances, and that a conveyance of a homestead, with or without consideration, is valid, even though made with intent to defraud the owner's creditors. Wells v. Jamison (Tex. Com. App.) 252 S. W. 1023, from which we quote as follows:

"The property concerning which the trust agreement is sought to be established is homestead and therefore not subject to the claims of creditors. It has been repeatedly held in this state that the statutes which make void conveyances in fraud of creditors have no application to conveyances of exempt property."

[11] Appellant Miss Grace Fitzgerald, trustee in bankruptcy, questions the jurisdiction of the trial court to determine the homestead question, contending that the bankruptcy court alone had jurisdiction of such question. This position would be correct if such property had been assets of J. H. Bowman, Jr., when he filed his petition to be adjudged a bankrupt. However, such property was no part of his assets and had not been for nearly a year, therefore was not subject to be administered upon by the bankruptcy court.

[12] J. H. Bowman, Jr., having more than a year and a half prior to filing his petition to be adjudged a bankrupt given to Russell Bros. a deed of trust on his interest in the 300 acres of land under investigation to secure a note for $3,850, given in renewal and extension of a prior indebtedness owing by

him to Russell Bros., said prior indebtedness being represented by one note for $1,000 and another for $2,500, and signed by G. W. Loveless as a joint maker thereof, but in fact as surety for said J. H. Bowman, Jr., the new note and deed of trust having been given in consideration of the renewal and extension of said prior notes and of the release of G. W. Loveless from liability on said prior notes, and the trial court having further found, on evidence sufficient to support same, that said deed of trust was given in good faith and without intention to defraud any creditor, and that at the time said deed of trust was given Russell Bros. did not have any knowledge that said J. H. Bowman, Jr., was indebted to any other person, the trial court did not err in holding that said deed of trust was a valid and subsisting lien against the interests in said 300 acres of land bequeathed to said J. H. Bowman, Jr.

[13] The release of G. W. Loveless from liability on the prior notes was, under one of the following well-recognized rules of law, a consideration deemed valuable in law:

(a) "A valuable consideration is either a benefit to the party promising or some trouble or prejudice to the party to whom the promise is made."

(b) "Where the party promising is to receive some benefit or the party to whom the promise is made is to sustain some detriment, in either or both cases, the contract has a valuable consideration to support it."

(c) "A consideration is valid in law if either party is to receive a benefit or be injured by it."

We have examined all other assignments, and failing to find material error, same are overruled. No reversible error being revealed by the record, we are of the opinion that the judgment of the trial court should be affirmed and it is so ordered.

Affirmed.