NO. 07-08-0144-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 24, 2009

______________________________

IN THE MATTER OF THE MARRIAGE OF

RITA LACKEY FILLINGIM AND WILLIS DAN FILLINGIM

_________________________________

FROM THE 31
ST
 DISTRICT COURT OF HEMPHILL COUNTY;

NO. 4,330;
(footnote: 1) HONORABLE STEVEN R. EMMERT, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Appellant, Rita Lackey Fillingim (Rita), appeals from a judgment rendered in favor of Appellee, Willis Dan Fillingim (Dan), declaring certain mineral properties acquired during their marriage to be his sole and separate property and finding that the Decree of Divorce entered on June 9, 1981, did not divide or partition that property.  By three issues, Rita asserts  the trial court erred (1) in determining that their Decree of Divorce did not preclude Dan’s suit under the doctrine of 
res judicata
; (2) in finding jurisdiction existed to alter the original property division; and (3) by declaring that Dan established his separate property ownership of the mineral rights by clear and convincing evidence.  We reverse the judgment of the trial court and render judgment the trial court should have entered. 

Background

Rita and Dan were married in 1970.  During their marriage, by four separate instruments, Dan’s parents deeded certain mineral interests to Dan, as grantee.  Although t
he deeds do not contain language indicating that the conveyances were intended to be gifts, Dan contends that these mineral interests were his separate property by virtue of being gifts from his parents.  During their marriage, Rita and Dan jointly executed oil and gas leases pertaining to the properties and, on one occasion, they executed a warranty deed conveying an interest in mineral rights to a third party.

In 1981, Rita filed for divorce.  
It is undisputed that Dan was properly cited in connection with the proceedings; however, during the pendency of the divorce, he did not hire an attorney to represent him, nor did he personally appear or offer any evidence at the final hearing.  On June 9, 1981, the trial court entered a Decree of Divorce that provided, in pertinent part, as follows:

IT IS DECREED that the estate of the parties be divided as follows:

Petitioner [Rita] is awarded the following as petitioner’s sole and separate property, and respondent is hereby divested of all right, title, and interest in and to such property: All property listed in Schedule A attached hereto and made a part hereof by reference.

Respondent [Dan] is awarded the following as respondent’s sole and separate property and petitioner is hereby divested of all right, title, and interest in and to such property: All property listed in Schedule B attached. 

Although Schedules A and B described certain real and personal property, there was no mention of the mineral interests the subject of this dispute.  Each schedule did, however, contain a residuary clause awarding each spouse “a one-half interest in all other property or assets not otherwise disposed of or divided herein.” 

On April 28, 2006, Dan filed two proceedings seeking to establish his ownership of the entire mineral interests transferred by the deeds from his parents.  Under the cause number of his original divorce proceeding, cause number 4330, Dan filed a 
Petition for Clarifying Order, 
wherein he sought to invoke the jurisdiction of the divorce court to “clarify” the 1981 divorce decree.  In cause number 6397, filed in the same district court, Dan sought a declaratory judgment pertaining to his ownership interests.  On June 14, 2006, the two proceedings were consolidated and on  July 26, 2006, Dan filed his
 First Amended Original Petition 
requesting that the trial court grant, or declare, him the sole owner of the mineral interests deeded to him during marriage.  Dan asserted that because the mineral interests in question were his sole and separate property at the time of his divorce, the divorce court could not, as a matter of law, partition said interests.  

On January 22, 2008, the trial court tried Dan’s suit.  In addition to admitting the aforementioned documents into evidence, the trial court heard testimony from Dan and Rita.  Dan testified that, when he was in his teens, his father told him numerous times that he was going to help him with gifts of land and mineral rights.  He testified that he never paid any consideration for the properties and believed the conveyances in question were the gifts his father had spoken of years before. 

Rita testified that her only conversations with Dan’s parents regarding the conveyances occurred when the deeds were originally given to them.  Rita further testified that each time they received a deed, she and Dan were required to sign an oil and gas lease.  She testified that Dan’s parents indicated they were giving the deeds to them both as a married couple.  She denied having any conversation with Dan regarding the mineral interests following their divorce. 

After hearing the testimony and reviewing the various conveyances, the trial court determined Dan’s parents executed the deeds intending gifts.  As such, the trial court found that the mineral interests were Dan’s sole and separate property.  The trial court also found that the divorce decree did not divide or partition the separate property of the parties.  Based upon those findings, the trial court entered judgment and Rita appealed.  

Discussion

A court that renders a divorce decree generally retains continuing subject-matter jurisdiction to clarify and to enforce the decree’s property division.  Tex. Fam. Code Ann. §§ 9.002, 9.008 (Vernon 2006).
(footnote: 2)  Specifically, the court has continuing jurisdiction to  “render further orders to enforce the division of property made in the decree of divorce . . . to assist in the implementation of or to clarify the prior order.”  § 9.006(a).
(footnote: 3)  

There are limitations, however, on the enforcement and clarification powers of the court that rendered the divorce decree.  For example, “[t]he court may specify more precisely the manner of effecting the property division previously made
 if the substantive division of property is not altered or changed
.  § 9.006(b) (emphasis added).  More specifically, the Family Code provides, in pertinent part, as follows:

(a) A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment.  An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property.

(b) An order under this section that amends, modifies, alters or changes the actual substantive division of divorce or annulment 
is beyond the power of the divorce court and is unenforceable.

§ 9.007 (a)-(b) (emphasis added).  
See
 
Shanks v. Treadway
, 110 S.W.3d 444, 449 (Tex. 2003).

Therefore, a clarifying order cannot be used to make a substantive change in the decree’s property division even if the decree contains a substantive legal error.  
Brown v. Brown, 
236 S.W.3d 343, 349 (Tex.App.–Houston [1
st
 Dist.] 2007, no pet.).  Clarification also requires a finding, express or implied, that the original form of the division of property lacks sufficient specificity to be enforced by contempt.  § 9.008(b).  If a divorce decree is unambiguous, the court has no authority to alter or modify the original disposition of the property.  
Haworth v. Haworth
, 795 S.W.2d 296, 300 (Tex.App.–Houston [14
th
 Dist.] 1990, no writ].  Here, the trial court made no finding, express or implied, that the Decree of Divorce was ambiguous or needed clarification.  

Section 9.007 is jurisdictional and orders violating its restrictions are void.  
Gainous v. Gainous
, 219 S.W.3d 97, 107-08 (Tex.App.–Houston [1
st
 Dist.] 2006, pet. denied).  Thus, where one party seeks to claim a share of an asset that was already divided in the divorce decree, the claim is barred.  
Brown
, 236 S.W.3d at 349
.
(footnote: 4)  

Therefore, the critical determining factor here is whether the mineral rights conveyed to Dan during the marriage were already divided by the original Decree of Divorce.  
Jacobs
, 641 S.W.2d at 260.  Because the mineral rights were not specifically listed in the schedules, we turn to the residuary clause incorporated in the Decree.  When interpreting a divorce decree, courts apply the general rules regarding construction of judgments.  
Shanks
, 110 S.W.3d at 447.  Judgments are construed as a whole to harmonize and give effect to the entire decree.  
Gainous
, 219 S.W.3d at 110.  If the decree is unambiguous as to the property’s disposition, we must effectuate the order in light of the literal language used.  
Shanks
, 110 S.W.3d at 447.  If the decree is ambiguous, we should review the record along with the decree to aid in interpreting the judgment
.  Id.  
Whether a divorce decree is ambiguous is a question of law
.  Id.
(footnote: 5)
 In the 1980s, there was a growing trend to use residuary clauses in property settlement agreements and judgments to include property that had not been specifically mentioned.  
See Carreon v. Morales
, 698 S.W.2d 241, 243-44 (Tex.App.–El Paso 1985, no writ) (citing Jim Loveless, 
Post Divorce Partitions–Are Catch-All Clauses Any Good?
, Marriage Dissolution, State Bar of Texas (1982)).  The residuary clause’s broad language was utilized to dispose of property not referenced in divorce decrees;
 
e.g., Buys v. Buys
, 924 S.W.2d 369, 372 (Tex.1996), whether real or personal property.  
See Russell v. Adams
, 293 S.W. 264, 269 (Tex.Civ.App.–Dallas 1927), 
aff’d
, 299 S.W. 889, 893 (Tex. Comm’n App. 1927);
(footnote: 6)  
In re Marriage of Smith
, 115 S.W.3d 126, 134 (Tex.App.–Texarkana 2003, pet. denied);  
Kadlecek v. Kadlecek
, 93 S.W.3d 903, 908 (Tex.App.–Austin 2002, no pet.);  
Marriage of Moore
, 890 S.W.2d 821, 840 (Tex.App.–Amarillo 1994, no writ).
(footnote: 7)  Therefore, irrespective of how the divorce court characterized the mineral interests in question, the clear and unambiguous language of the Decree encompasses those interests within the provisions of the residuary clause.  Because the 1981 Decree of Divorce already divided those mineral interests, any attempt to alter that division would be barred.

 Having determined that the trial court effectively partitioned the mineral interests in question through the residuary clause, we turn to address Dan’s contention that the trial court lacked jurisdiction to award his separate property to Rita.  While it is true that Texas law prohibits a trial court from divesting a spouse of their separate property, 
Shanks, 
 110 S.W.3d at 448; 
Eggemeyer v. Eggemeyer, 
554 S.W.2d 137, 139-40 (Tex. 1977), that prohibition is not jurisdictional.  “Jurisdiction” refers to a court’s authority to adjudicate a case.  
Reiss v. Reiss, 
118 S.W.3d 439, 443 (Tex. 2003).  As a general proposition, so long as the trial court has jurisdiction of the parties and the subject matter, and does not act outside its capacity as a court, the judgment is not void for lack of jurisdiction.  
Id.  
The erroneous award of one spouse’s separate property to the other spouse merely renders the division of property voidable so that it could still be corrected through the ordinary appellate process or other proper proceedings.  
Id.  
In such a case the decree is not void because the trial court has jurisdiction to characterize and divide all property - even if it does so incorrectly.  
Id.  
Absent an appeal, the Decree of Divorce became final, and Dan may not now collaterally attack the trial court’s division of property.  
Id.  
Issues one and two are sustained.

Finally, we pretermit consideration of Rita’s contention that Dan failed to establish the separate property character of the mineral interests in question by clear and convincing evidence.  While we are mindful of this contention, our disposition of issues one and two eliminates the necessity that we consider that issue.
(footnote: 8)
 Conclusion

We reverse the judgment of the trial court and hereby render judgment as follows:

It is ORDERED and DECLARED that the Decree of Divorce entered in this cause on June 8, 1981, awarded to the Plaintiff, Willis Dan Fillingim, and to the Defendant, Rita Lackey Fillingim, each, an undivided one-half interest in and to the interests conveyed  by:

that Mineral Deed recorded at Vol. 103, Page 455 of the Deed Records of Hemphill County, Texas;

that Mineral Deed recorded at Vol. 116, Page 471 of the Deed Records of Hemphill County, Texas;

that Royalty Deed recorded at Vol. 117, Page 532 of the Deed Records of Hemphill County, Texas;

that Deed recorded at Vol. 136, Page 524 of the Deed Records of Hemphill County, Texas.  

It is further ORDERED that all other relief requested is denied, that the Plaintiff, Willis Dan Fillingim, take nothing, and that all costs herein be adjudged against the Plaintiff.

Patrick A. Pirtle

      Justice 

FOOTNOTES
1:
Although a final 
Decree of Divorce
 was previously entered in this cause on June 9, 1981, the parties agreed to consolidate the declaratory judgment action filed April 28, 2006, in Cause No. 6,397, styled 
Willis Dan Fillingim vs. Rita Lackey Fillingim
, with the petition for clarifying order filed April 28, 2006, in Cause No. 4,330, styled 
In the Matter of the Marriage of Rita Lackey Fillingim and Willis Dan Fillingim.  
The 
Final Judgment
 entered on February 5, 2008, in the consolidated action, is the judgment being appealed.

2:
For convenience, provisions of the Texas Family Code will hereinafter be cited as “§____” and/or “Section____”.

3:
Clarifying orders may more precisely specify the manner of carrying out a previously ordered property division so long as the substantive division of the property is not altered.  
See McPherren v. McPherren
, 967 S.W.2d 485, 490 (Tex.App.–El Paso 1998, no pet.). 

4:
Not only is there no jurisdiction for an order altering the substantive division of property, a judgment finalizing a divorce and partitioning the property represents 
res judicata
 to any attempt to relitigate the division of property at a later time.  
Reiss v. Reiss, 
118 S.W.3d 439, 443 (Tex. 2003); 
Day v. Day
, 603 S.W.2d 213, 215 (Tex. 1980).  The doctrine of 
res judicata 
applies to a final divorce decree to the same extent that it applies to any other final judgment.  
Mayes v. Stewart
, 11 S.W.3d 440, 449 (Tex.App.–Houston [14
th
 Dist.] 2000, pet. denied) (citing 
Baxter v. Ruddle
, 794 S.W.2d 761, 762 (Tex. 1990)).  
Subsequent actions alleging trespass to title and in the alternative for partition of land awarded to a spouse in a divorce proceeding are nothing more than collateral attacks on the former divorce decree.  
Jacobs v. Cude, 
641 S.W.2d 258, 260 (Tex.App.–Houston [14
th
 Dist.] 1982, writ ref’d n.r.e.); 
Cook v. Cook
, 233 S.W.2d 163, 164 (Tex.Civ.App.–Fort Worth 1950, writ ref’d).  So long as a party claiming a greater interest in land than granted in the divorce decree was duly cited as required by law in the divorce proceeding, the validity of the judgment cannot be collaterally attacked.  
233 S.W.3d at 164-65.  The law is clear that when a divorce decree is not appealed and appears regular on its face, the judgment will not be subject to collateral attack in a subsequent suit.  
Hardin v. Hardin
, 597 S.W.2d 347, 350 (Tex. 1980).  

5:
A divorce decree is ambiguous when it is uncertain, doubtful, or reasonably susceptible to more than one meaning.  
McKnight v. Trogdon-McKnight
, 132 S.W.3d 126, 131 (Tex.App.–Houston [14
th
 Dist.] 2004, no pet.).  

6:
It has long been the rule under the common law that a devise of land is specific whether given by specific description or residuary clause.  293 S.W. at 269; 299 S.W. at 893.

7:
Dan proposes that this Court adopt a rule that residuary clauses encompass only property that is described in detail in the divorce decree itself.  We decline Dan’s invitation.  If the residuary clause of a divorce decree included only the property specified in the decree rather than all community property under the jurisdiction of the court, “a party to an earlier judgment would be able to collaterally ‘chip away’ at the ownership status of the property already adjudicated by the court, and the entire purpose of the residuary clause would be destroyed.”  
Jacobs
, 641 S.W.2d at 260.  The very purpose of the residuary clause is to achieve finality. 
 Id.
; 
Moore
, 890 S.W.2d at 840. 

8:
Tex. R. App. P. 47.1.